# Case No. 24-2249

# In the United States Court of Appeals for the Ninth Circuit

IN RE: KEVAN HARRY GILMAN,
*Debtor.*

TAMMY R. PHILLIPS AND TAMMY R. PHILLIPS, APLC,
*Plaintiffs and Appellants,*

v.

AMY L. GOLDMAN,
*Defendant and Appellee.*

Appeal from The United States District Court,
for the Central District of California, Los Angeles,
Case No. 2:22-cv-04450-MWF,
The Honorable District Judge Michael W. Fitzgerald

## ANSWERING BRIEF OF APPELLEE AMY L. GOLDMAN AND 1-VOLUME SUPPLEMENTAL EXCERPTS OF RECORD

| | |
|---|---|
| **LEWIS BRISBOIS BISGAARD & SMITH** LLP | **LEWIS BRISBOIS BISGAARD & SMITH** LLP |
| Lann G. McIntyre, SB# 106067 | Maria L. Garcia, SB# 276135 |
| Lann.McIntyre@lewisbrisbois.com | Maria.L.Garcia@lewisbrisbois.com |
| 550 West C Street, Suite 1700 | 633 West 5th Street, Suite 4000 |
| San Diego, CA 92101 | Los Angeles, California 90071 |
| Telephone: 619.233.1006 | Telephone: 213.250.1800 |
| Facsimile: 619.233.8627 | Facsimile: 213.250.7900 |

*Attorneys for Defendant-Appellee*
**AMY L. GOLDMAN**

## CORPORATE DISCLOSURE STATEMENT
### (Fed. R. App. P. 26.1)

Defendant-Appellee Amy L. Goldman states there are no

disclosures to make pursuant to Federal Rule of Appellate Procedure

26.1.

DATED:  February 3, 2025     LEWIS BRISBOIS BISGAARD &
                             SMITH LLP


                             By:  ___*/s/ Lann G. McIntyre*___
                                  Lann G. McIntyre
                                  *Attorneys for Defendant-Appellee*
                                  **AMY L. GOLDMAN**

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ............................................. 2

TABLE OF AUTHORITIES .................................................................. 6

INTRODUCTION ................................................................................ 12

JURISDICTIONAL STATEMENT ....................................................... 15

    A.    This Court lacks jurisdiction over the appeal from a
non-final reverse and remand order. .................................... 15

    B.    The mechanical or ministerial exception does not
apply. ...................................................................................... 18

    C.    The remand order is not "illusory." ..................................... 20

    D.    This Court lacks jurisdiction under the four-factor test. ...... 23

    E.    There is no basis for treating the appeal as a writ
proceeding and exercising the court's extraordinary
mandamus powers to assert jurisdiction. ............................. 27

ISSUES PRESENTED ......................................................................... 31

STATEMENT OF THE CASE ............................................................. 31

    A.    Goldman is the appointed Chapter 7 Trustee. ..................... 31

    B.    Phillips sues Goldman for breach of fiduciary duty. ............ 33

    C.    Goldman moves to dismiss the complaint. ........................... 35

    D.    The bankruptcy court grants Goldman's motion to
dismiss. .................................................................................. 36

    E.    Phillips appeals from the bankruptcy court's order and
the district court reverses in part and remands for
further proceedings. .............................................................. 38

    F.    Phillips appeals to this Court. ............................................. 39

G.    This Court issues an order to show cause regarding jurisdiction to hear the appeal. ............................. 39

SUMMARY OF ARGUMENT ...................................................... 40

STANDARD OF REVIEW ............................................................ 43

ARGUMENT ................................................................................. 44

I.    Quasi-Judicial Immunity Applies to the Trustee's Conduct Alleged in the Complaint. ............................................... 44

A.    Quasi-judicial immunity applies to discretionary acts in administering the Estate. ................................. 44

B.    A "Comfort Order" is not required in order for quasi-judicial immunity to apply. ................................... 48

C.    The allegations of the complaint do not constitute gross negligence. ............................................................. 49

D.    A trustee cannot be held liable for acts of simple negligence; gross negligence is required. ............... 57

E.    Prior bankruptcy court approval of Goldman's conduct is not required for quasi-judicial immunity to apply. ......... 58

II.    The District Court's Order Can Be Affirmed on the Alternative Ground That the Business Judgment Rule Shields Goldman from Liability for Decisions Made in Her Scope of Authority, and with Court Approval. ......................... 62

III.    A Breach of Fiduciary Duty Is an Impossibility As to the Real Properties Where the Court Has Approved Abandonment of the Real Properties. ............................ 65

IV.    Remand to a New Judge Is Not Appropriate ................ 67

CONCLUSION .............................................................................. 68

CERTIFICATE OF COMPLIANCE ........................................... 69

STATEMENT OF RELATED CASES ...................................................... 70

CERTIFICATE OF SERVICE.................................................................. 71

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Antoine v. Byers & Anderson, Inc.,*
  508 U.S. 429 (1993) .............................................................. 44

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) .............................................................. 51

*Autotel v. Nev. Bell Tel. Co.,*
  697 F.3d 846 (9th Cir. 2012) .............................................. 54

*Balser v. Dep't of Justice,*
  327 F.3d 903 (9th Cir. 2003) ....................................... 45, 61

*Bank of New York Mellon v. Watt,*
  867 F.3d 1155 (9th Cir. 2017) ............................................ 23

*Barton v. Barbour,*
  104 U.S. 126 (1881) .............................................................. 49

*Bauman v. United States District Court,*
  557 F.2d 650 (9th Cir. 1977) .................................... 27–28, 30

*Bennett v. Williams,*
  892 F.2d 822 (9th Cir. 1989) ......................... 57, 60, 62–64

*Bullard v. Blue Hills Bank,*
  575 U.S. 496 (2015) ................................... 16–18, 21, 25

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*
  *(Cebull),*
  408 F.3d 1142 (9th Cir. 2005) ............................................ 27

*Burton v. Infinity Capital Mgmt.,*
  862 F.3d 740 (9th Cir. 2017) ....................................... 14, 61

*Calderon v. U.S. Dist. Court for Cent. Dist. of California,*
  163 F.3d 530 (9th Cir. 1998) ....................................... 29–30

*Canales v. City of Alviso*,
   3 Cal. 3d 118 (1970) ...................................................... 49

*Carvalho v. Equifax Info. Servs., LLC*,
   629 F.3d 876 (9th Cir. 2010) ........................................... 66

*Catalano v. C.I.R.*,
   279 F.3d 682 (9th Cir. 2002) ..................................... 47, 66

*Champion v. Feld Entm't, Inc.*,
   No. 20-cv-2400-DMS-KSC, 2021 U.S. Dist. LEXIS 86897
   (S.D. Cal. May 6, 2021) ............................................ 49, 52

*Cheney v. U.S. Dist. Court*,
   542 U.S. 367 (2004) ....................................................... 27

*Christian Legal Soc. Chapter of the Univ. of Cal. v. Wu*,
   626 F.3d 483 (9th Cir. 2010) ........................................... 54

*City of Santa Barbara v. Super. Ct.*,
   41 Cal. 4th 747 (2007) .................................................... 50

*Congrejo Invs., LLC v. Mann (In re Bender)*,
   586 F.3d 1159 (9th Cir. 2009) ......................................... 16

*Connecticut Nat'l Bank v. Germain*,
   503 U.S. 249 (1992) ....................................................... 26

*Critchlow v. Waner*,
   617 F. App'x 664 (9th Cir. 2015) ..................................... 58

*Eden Place, LLC v. Perl (In re Perl)*,
   811 F.3d 1120 (9th Cir. 2016) ......................................... 17

*Estate of Diaz v. City of Anaheim*,
   840 F.3d 592 (9th Cir. 2016) ........................................... 53

*Evanston Ins. Co. v. Atain Specialty Ins. Co.*,
   254 F. Supp. 3d 1150 (N.D. Cal. 2017) ............................ 49

*Farm Credit Bank of Spokane v. Fowler (In re Fowler)*,
   903 F.2d 694 (9th Cir. 1990) ........................................... 19

*Four Seas Ctr., Ltd. v. Davres, Inc. (In re Four Seas Ctr., Ltd.),*
  754 F.2d 1416 (9th Cir. 1985) ............................................................... 17

*Hernandez v. Brewer,*
  658 F. App'x 837 (9th Cir. 2016) ......................................................... 49

*Hernandez v. Tanninen,*
  604 F.3d 1095 (9th Cir. 2010) ............................................................. 27

*Imbler v. Pachtman,*
  424 U.S. 409 (1976) ............................................................................. 35

*In re Castillo,*
  297 F.3d 940 (9th Cir. 2002) ........................................ 14, 44, 46, 58, 61

*In re Cedar Funding, Inc.,*
  419 B.R. 807 (9th Cir. B.A.P. 2009) .................................................... 45

*In re Cochise College Park, Inc.,*
  703 F.2d 1339 (9th Cir. 1983) ....................................................... 57, 63

*In re Cont'l Coin Corp.,*
  380 B.R. 1 (Bankr. C.D. Cal. 2007) ..................... 14, 50, 52, 57–58, 60

*In re Cont'l Coin Corp.,*
  No. CV 08-0093 (PA), 2009 U.S. Dist. LEXIS 74392
  (C.D. Cal. Aug. 21, 2009) ................................................. 44–45, 63–64

*In re Flamand,*
  78 B.R. 644 (Bankr. D. R.I. 1987) ....................................................... 66

*In re Gilman,*
  BAP No. CC-18-1101-STaL, 2019 Bankr. LEXIS 2097
  (9th Cir. B.A.P. July 12, 2019) ..................................................... 52–53

*In re Gugliuzza,*
  852 F.3d 884 (9th Cir. 2017) .............................. 16–18, 21, 23, 26, 39

*In re Haber,*
  547 B.R. 252 (Bankr. S.D. Ohio 2016) ............................................... 65

*In re Harris,*
    590 F.3d 730 (9th Cir. 2009) ............................................................ 60

*In re JTS Corp.,*
    617 F.3d 1102 (9th Cir. 2010) ......................................................... 43

*In re Landmark Fence Co.,*
    801 F.3d 1099 (9th Cir. 2015) ................................................ 23–24, 26

*In re McKenzie,*
    716 F.3d 404 (6th Cir. 2013) ....................................................... 60–61

*In re Sea Haw. Rafting, LLC,*
    No. 14-01520, 2018 Bankr. LEXIS 1507
    (Bankr. D. Haw. May 21, 2018) ...................................................... 45

*In re Vylene Enters., Inc.,*
    968 F.2d 887 (9th Cir. 1992) ......................................................... 26

*In re Yellowstone Mountain Club, LLC,*
    841 F.3d 1090 (9th Cir. 2016) ................................................ 48–49, 59

*Keenan v. Pyle (In re Keenan),*
    No. 07cv451-L(RBB), 2008 U.S. Dist. LEXIS 25064
    (S.D. Cal. Mar. 28, 2008) .......................................................... 45, 48

*Liberty Mut. Ins. Co. v. Lamesa Nat'l Bank (In re Schooler),*
    725 F.3d 498 (5th Cir. 2013) ..................................................... 53–56

*Lonneker Farms, Inc. v. Klobucher,*
    804 F.2d 1096 (9th Cir. 1986) ................................................ 61, 63–64

*Love v. United States,*
    871 F.2d 1488 (9th Cir. 1989) ....................................................... 43

*Markowitz v. United Fin. Cas. Co.,*
    646 F. Supp. 3d 1258 (S.D. Cal. 2022) ............................................. 54

*Matter of Behrens,*
    900 F.2d 97 (7th Cir. 1990) ......................................................... 22

*Milne v. Hillblom,*
    165 F.3d 733 (9th Cir. 1999) ...................................................... 30, 32

*Mosser v. Darrow,*
    341 U.S. 267 (1951) ............................................................................ 57

*Mullis v. United States Bankruptcy Court,*
    828 F.2d 1385 (9th Cir. 1987) ............................................................ 35

*New Alaska Dev. Corp. v. Guetschow,*
    869 F.2d 1298 (9th Cir. 1989) ............................................................ 43

*Ocwen Loan Servicing LLC v. Marino (In re Marino),*
    949 F.3d 483 (9th Cir. 2020) ....................................................... 25–26

*Paxtor v. Garland,*
    843 F. App'x 974 (9th Cir. 2021) ....................................................... 30

*Rodriguez v. Lockheed Martin Corp.,*
    627 F.3d 1259 (9th Cir. 2010) ............................................................ 28

*Saxman v. Educ. Credit Mgmt. BJR Corp. (In re Saxman),*
    325 F.3d 1168 (9th Cir. 2003) ....................................................... 19–20

*Shoemaker v. Siegel,*
    No. 1:17-BK-015182, 2017 U.S. Dist. LEXIS 137139, 2017
    WL 3671154 (C.D. Cal. Aug. 25, 2017) ............................................. 14

*Smith v. Capital One Bank (USA), N.A.,*
    845 F.3d 256 (7th Cir. 2016) .............................................................. 22

*Southwestern Media Inc. v. Rau,*
    708 F.2d 419 (9th Cir. 1983) ....................................................... 63–64

*SS Farms, LLC v. Sharp (In re SK Foods, L.P.),*
    676 F.3d 798 (9th Cir. 2012) .............................................................. 17

*Stanley v. Crossland, Crossland, Chambers, MacArthur &*
    *Lastreto (In re Lakeshore Vill. Resort, Ltd.),*
    81 F.3d 103 (9th Cir. 1996) ......................................................... 24, 27

*United Nat. Ins. Co. v. R&D Latex Corp.*,
　242 F.3d 1102 (9th Cir. 2001) ............................................................ 67

*United States v. Cazares*,
　788 F.3d 956 (9th Cir. 2015) .............................................................. 30

*United States v. Mirando*,
　No. 23-338, 2024 U.S. App. LEXIS 17085
　(9th Cir. July 10, 2024) ...................................................................... 68

*United States v. Quesada*,
　972 F.2d 281 (9th Cir. 1992) .............................................................. 58

*United States v. Sears, Roebuck & Co.*,
　785 F.2d 777 (9th Cir. 1989) .............................................................. 67

*Woodford v. Garceau*,
　538 U.S. 202 (2003) ....................................................................... 29–30

## Statutes

11 U.S.C. § 554 ................................................................................... 65

11 U.S.C. § 721 ................................................................................... 52

28 U.S.C. § 158(d) .............................................................................. 39

28 U.S.C. § 158(d)(1) .......................................................................... 16

28 U.S.C. § 1291 ................................................................................. 16

28 U.S.C. § 1292 ................................................................................. 16

28 U.S.C. § 1651 ................................................................................. 27

28 U.S.C. § 2106 ................................................................................. 67

Cal. Civ. Proc. Code § 343 .............................................................. 36–39

Fed. R. Bankr. P. 5009(a) ................................................................... 64

Fed. R. Civ. P. 12(b)(6) ......................................................... 35, 37, 40

11

## INTRODUCTION

Plaintiffs-Appellants Tammy R. Phillips and Tammy R. Phillips, a Professional Law Corporation (collectively, "Phillips") sued Defendant-Appellee Amy L. Goldman, in her individual capacity and in her capacity as Chapter 7 Trustee ("Goldman" or "Trustee") for alleged breach of fiduciary duty based on alleged acts of gross negligence in the course of her work as a Chapter 7 Trustee. According to Phillips, Goldman failed to collect certain rents and allowed deterioration of certain real property held in the bankruptcy estate ("Estate").

Goldman moved to dismiss Phillips' complaint on the grounds the action was time-barred and because Goldman had quasi-judicial immunity, among other things, for the alleged conduct. The bankruptcy court granted Goldman's motion to dismiss with prejudice, finding the complaint was time-barred. (1-ER-24–25.) Although holding Phillips time-barred, the bankruptcy court went further and found that Phillips did not plead sufficient facts in her complaint to amount to acts of gross negligence, and the claims are barred by quasi-judicial immunity for any negligence with respect to the Trustee's identified discretionary

acts (and decisions to refrain from taking action). (1-ER-41–42, 44–45.)
Phillips appealed that order to the district court.

On appeal, the district court reversed the bankruptcy court's order
in part, determining the bankruptcy court incorrectly found the action
was time-barred. The district court, however, agreed with the
bankruptcy court that Phillips' allegations in the complaint identify
Goldman's discretionary acts and decisions to refrain from taking
action, and that Phillips had "not adequately pled 'a want of even scant
care or an extreme departure from the ordinary standard of conduct'" to
establish gross negligence that would not be covered by quasi-judicial
immunity. (1-ER-22.) The district court agreed that Goldman was
entitled to quasi-judicial immunity and affirmed the bankruptcy court's
order on that basis. (*Id*.) The district court remanded to the bankruptcy
court "to determine whether amending the Complaint would be futile."
(1-ER-23.) Phillips then filed this appeal.

This Court lacks jurisdiction over the appeal because it is from an
interlocutory order remanding the case to the bankruptcy court for
further proceedings to determine whether amendment of the complaint
is futile. That order requires additional judicial action in the

13

bankruptcy court before the pleadings are even finalized; the order is far from final. This Court should decline to exercise jurisdiction over this appeal.

If this Court addresses the merits of Phillips' appeal, this Court should affirm the district court's conclusion that quasi-judicial immunity applies to Goldman's alleged conduct. As the district court noted, the Ninth Circuit affords quasi-judicial immunity to bankruptcy trustees when they make discretionary judgments while performing acts closely related to the judicial process. (1-ER-22 (citing *Burton v. Infinity Capital Mgmt.,* 862 F.3d 740, 748 (9th Cir. 2017)) (citing *In re Castillo,* 297 F.3d 940, 948–49 (9th Cir. 2002)).) The district court further noted that while immunity covers claims pertaining to "ordinary negligence" it does not extend to "claims involving gross negligence or willful misconduct." (1-ER-22 (citing *Shoemaker v. Siegel,* No. 1:17-BK-015182, 2017 U.S. Dist. LEXIS 137139, 2017 WL 3671154, at *4 (C.D. Cal. Aug. 25, 2017), *aff'd sub nom. In re Shoemaker*, 749 F. App'x 565 (9th Cir. 2019)) (citing *In re Cont'l Coin Corp.*, 380 B.R. 1, 11–15 (Bankr. C.D. Cal. 2007)).) Phillips' complaint does not adequately allege gross negligence, and no such acts were committed by Goldman.

14

1 of 71), Page 15 of 71

Assuming there was some ordinary negligent breach (which Goldman does not contend nor concede), ordinary negligence does not suffice to overcome the quasi-judicial immunity afforded to Goldman.

In addition, the business judgment rule provides an additional basis for upholding application of quasi-judicial immunity to Goldman's alleged conduct. *If* Goldman's conduct constituted a mistake in business judgment (it was not), her exercise of her discretionary business judgment to abandon the subject real property and forego administration of any of the Debtor's assets, is immunized under the business judgment rule. The district court's order that quasi-judicial immunity applies to Goldman's alleged conduct should be affirmed. Because abandonment of the real properties makes a breach of fiduciary duty impossible as to the real properties, and quasi-judicial immunity applies to Goldman's alleged conduct, the district court's remand to determine whether amendment would be futile should be reversed.

## JURISDICTIONAL STATEMENT

### A. This Court lacks jurisdiction over the appeal from a non-final reverse and remand order.

This Court lacks jurisdiction over the appeal. Appellate courts have jurisdiction over an appeal only if authorized by statute.

15

This Court lacks jurisdiction under 28 U.S.C. § 1291 because the district court's order did not end the litigation on the merits and leave nothing to do but enter judgment. *Congrejo Invs., LLC v. Mann (In re Bender)*, 586 F.3d 1159, 1163 (9th Cir. 2009). This Court also lacks jurisdiction under 28 U.S.C. § 1292 because the district court did not certify its decision for interlocutory review. While under 28 U.S.C. § 158(d)(1) the courts of appeals "have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) [defining the district courts' jurisdiction] and (b) [defining the jurisdiction of the bankruptcy appellate panels] of this section," such jurisdiction does not exist here. *In re Gugliuzza,* 852 F.3d 884, 891 (9th Cir. 2017). The orders appealed from lack finality.

As a general rule, an order remanding to the bankruptcy court for further proceedings is not a "final" decision. The United States Supreme Court in *Bullard v. Blue Hills Bank*, 575 U.S. 496 (2015), articulated the rule of finality in the context of a bankruptcy case, holding that an order ending a proceeding in a bankruptcy case is immediately appealable if the order: (1) "alters the status quo and fixes the rights and obligations of the parties," or (2) "alters the legal relationships

16

among the parties[.]" *Id.* at 502, 506. This Court applies this interpretation of finality in bankruptcy proceedings in determining the Court's authority to hear appeals from final decisions, judgments, orders, and decrees. *In re Gugliuzza*, 852 F.3d at 893.

In determining whether a particular bankruptcy court order is final, the Court looks to whether the bankruptcy court's decision: "'1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed.'" *Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1126 (9th Cir. 2016) (quoting *SS Farms, LLC v. Sharp (In re SK Foods, L.P.)*, 676 F.3d 798, 802 (9th Cir. 2012)). For example, orders that entirely terminate an adversary proceeding are considered final. *Four Seas Ctr., Ltd. v. Davres, Inc. (In re Four Seas Ctr., Ltd.)*, 754 F.2d 1416, 1418 (9th Cir. 1985). Likewise, orders that confirm a bankruptcy plan or deny confirmation of a plan followed by dismissal of the case are final. *Bullard,* 575 U.S. at 502–03. As noted in *In re Gugliuzza,* a remand to the bankruptcy court for further proceedings to finalize the pleadings, however, "changes little," as the litigation lives on. *Id.* at 503. Furthermore, as noted in *In re Gugliuzza,* this circuit rejected an argument that an order is

17

"final" merely because it involves a purely legal question. *In re Gugliuzza,* 852 F.3d at 897–98. Under *Bullard,* inquiries into the merits to determine that a ruling on a legal issue by this Court could dispose of the case or aid the bankruptcy court in reaching its disposition is prohibited. *Id.* That is precisely what Phillips is asking this Court to do and her effort must be rejected.

## B.   The mechanical or ministerial exception does not apply.

Phillips contends the remand order in this case falls within an exception to the rule that district court remand orders are not final. According to Phillips, the remand order here is a final appealable order because the remand concerns a "mechanical ('no brainer') matter," or a "purely mechanical task." Appellants' Opening Brief, "AOB," 10–12.[1] Phillips appears to argue this exception applies because the bankruptcy court and district court have already decided quasi-judicial immunity is "absolute," therefore any amendment would be futile. *Id.* at 12. Phillips misapprehends the jurisdictional issue. The issue is not *how*

---

[1]   This is contrary to the position Phillips took in her amended response to this Court's order to show cause, where she conceded "the remand here is not for a ministerial task," claiming instead the task was a "meaningless task[]." (Ninth Cir. Doc. No. 11 (Amended Response) at 28.)

additional proceedings in the bankruptcy court might resolve, but the fact that further proceedings are indeed required by the district court's decision, the outcome of which is subject to future determination, thus making it non-final.

The "mechanical" or "ministerial" tasks that might warrant construing a remand order as "final" include such orders that require the bankruptcy court to apply the correct interest rate (*Farm Credit Bank of Spokane v. Fowler (In re Fowler),* 903 F.2d 694, 695–96 (9th Cir. 1990), or that require the bankruptcy court to calculate how much a debtor could reasonably pay per month. *Saxman v. Educ. Credit Mgmt. BJR Corp. (In re Saxman),* 325 F.3d 1168, 1172 (9th Cir. 2003). Nothing about the remand order in this case involves such purely mechanical or ministerial acts. Rather, the bankruptcy court is required to examine the parties' showing on the issue of whether amendment of the complaint is futile. The outcome of that proceeding remains to be seen. The notion that amendment of the complaint is purely "mechanical" because leave to file a first amended complaint is a "no brainer" (AOB 11) has no bearing on whether the district court's order qualifies as a final order under this circuit's standards.

**C.    The remand order is not "illusory."**

Phillips contends the district court decision is final because there is nothing left for the bankruptcy court to do, thus the remand is "illusory." AOB 6. She claims the bankruptcy court already decided the issue against her. In support of this statement, Phillips cites Goldman's argument in the motion to dismiss that no amendments could cure the complaint and the complaint should be dismissed without leave to amend. *Id.* The bankruptcy court's order does not expressly address whether amendment would be futile. (1-ER-24–25, 44–46.) The district court's decision orders the bankruptcy court to undertake that task. (1-ER-23.)

In an apparently unrelated thought, Phillips also contends it was the district court's duty to say what the law is and to correct the bankruptcy court judge through a reversal. AOB 7. The district court *did* say what the law is and reversed and remanded to the bankruptcy court to determine whether amendment of the complaint was futile. The district court did not "abdicate its supervisory duties as a court of review" as Phillips contends. *Id.* The district court appropriately remanded for the bankruptcy court to decide the pleading issues.

20

Phillips continues to stand on her existing pleading in this appeal, arguing that the facts alleged in the complaint are sufficient to constitute gross negligence.[2] AOB 7–8. This, however, is nothing more than a reprisal of Phillips' arguments on the merits that the complaint as it presently stands sufficiently alleges gross negligence. Merits-based arguments do not provide a basis for finding the remand order is final. Indeed, merits-based arguments to determine appellate jurisdiction are expressly disallowed in this circuit. *In re Gugliuzza,* 852 F.3d at 897 ("To the extent *Bonner Mall* suggests we may peek at the merits in order to determine whether we have jurisdiction . . . is inconsistent with *Bullard* and our post-*Bullard* precedent.").

Phillips appears to further argue that both the bankruptcy court order and the district court order are final because quasi-judicial immunity is "absolute" and Phillips' suit is "dead." AOB 9–10. Phillips contends there was nothing left for the bankruptcy court to do, thus the district court's order was "final" and appealable. *Id.* at 10. The record belies that contention. It is indisputable that the bankruptcy court remains charged with determining whether amendment is futile

---

[2]     Moreover, Phillips has not, in the alternative, explained *how* the complaint could be amended to state a claim for gross negligence.

pursuant to the district court's order. (1-ER-23.) Further, the out-of-circuit cases Phillips cites demonstrate exactly why this case is unlike those in which a remand order was considered final. In *Smith v. Capital One Bank (USA), N.A.,* 845 F.3d 256 (7th Cir. 2016), the district court concluded the bankruptcy court erred and reversed, remanding the case back to the bankruptcy court *to enter judgment* in the appellees' favor. *Id.* at 259. A remand ordering the lower court to enter judgment is entirely unlike the remand order here.

Likewise, the case of *Matter of Behrens,* 900 F.2d 97, 99, 101 (7th Cir. 1990), that Phillips cites addressed jurisdiction over a district court's affirmance of a bankruptcy court's non-final order. The court concluded it did not have jurisdiction over the appeal as the order was not final. The present case does not involve a district court order affirming a non-final bankruptcy court order; the district court here remanded the case to the bankruptcy court to take further action with respect to the viability of the complaint, and thus *Matter of Behrens* is factually inapposite.

**D.    This Court lacks jurisdiction under the four-factor test.**

Under the four-factor test for determining whether this Court has jurisdiction over an appeal taken from a bankruptcy court or district court ruling that remands the case for further proceedings in the bankruptcy court, this Court considers: "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) the systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *In re Gugliuzza*, 852 F.3d at 894; *see also Bank of New York Mellon v. Watt*, 867 F.3d 1155, 1158 (9th Cir. 2017).

Applying this four-factor test, "a district court order that includes a remand to the bankruptcy court with explicit instructions to engage in 'further fact-finding'" is not immediately appealable. *In re Landmark Fence Co.*, 801 F.3d 1099, 1101 (9th Cir. 2015). Here, the district court's order, which includes a remand for further proceedings in the bankruptcy court, lacks the indicia required under *In re Landmark Fence Co.'s* four-factor test for it to be a final, appealable order.

First, this Court has repeatedly acknowledged that the first factor—the risk of piecemeal litigation—weighs heavily in favor of the

23

conclusion that the district court's order is not final: "'[W]hen an intermediate appellate court remands a case to the bankruptcy court, the appellate process likely will be much shorter if we decline jurisdiction and await ultimate review of all the combined issues.'" *In re Landmark Fence Co.,* 801 F.3d at 1103 (quoting *Stanley v. Crossland, Crossland, Chambers, MacArthur & Lastreto (In re Lakeshore Vill. Resort, Ltd.),* 81 F.3d 103, 106 (9th Cir. 1996)). Allowing this appeal to proceed while the finality of the pleadings remains undecided only risks additional piecemeal litigation.

Second, the "judicial efficiency" factor is not enhanced by permitting this appeal to proceed. The remand ordered here requires additional factual findings and conclusions of law by the bankruptcy court in evaluating the futility of amendment issue, which itself may generate a new appeal. In cases where the "remand order is limited to 'purely mechanical or computational task[s]' . . . 'the proceedings on remand are highly unlikely to generate a new appeal.'" *In re Landmark Fence,* 801 F.3d at 1103. In *this* case, however, the proceedings on remand are highly likely to generate a new appeal.

Whether the appeal of a specific ruling aids efficiency is controlled by the rule that only decisions that "alter[] the status quo" or "fix[] the parties' rights and obligations" can be appealed. *Bullard,* 575 U.S. at 496. The district court's order does neither. Rather, the order requires further proceedings to "fix[] the parties' rights and obligations." Dismissal of this appeal serves judicial efficiency and avoids piecemeal litigation by allowing the bankruptcy court to make additional decisions on the viability of an amended complaint before this Court exercises its jurisdiction.

As noted in *Ocwen Loan Servicing LLC v. Marino (In re Marino)*, 949 F.3d 483 (9th Cir. 2020), the Supreme Court discourages "piecemeal litigation for its inefficiency." *Id.* at 487 (citing *Bullard,* 575 U.S. at 503 (explaining that the "rule of finality" exists to avoid "climb[s] up the appellate ladder and slide[s] down the chute" and the "delays and inefficiencies" that result)). Dismissing the appeal and allowing the bankruptcy court to settle the state of the pleadings is the most efficient way to proceed and is the only way to assure this Court does not undertake review of a non-final order over which it has no jurisdiction.

25

The third factor in the *In re Landmark Fence Co.* test—preserving the bankruptcy court's role as the finder of fact—is fulfilled only by dismissal of the appeal, which will allow the bankruptcy court to fulfill its role in determining whether the complaint can be amended to avoid application of quasi-judicial immunity, a role the appellate courts are not in a position to fulfill.

Finally, under the fourth factor, neither party will suffer irreparable harm if further review is delayed. While delay in obtaining a resolution is unfortunate, it is not irreparable. *In re Landmark Fence Co.,* 801 F.3d at 1103 (significant delay in recovering unpaid wages "is regrettable, but not irreparable."). Furthermore, litigation costs generally do not qualify as irreparable harm. *In re Marino,* 949 F.3d at 488.

The courts of appeals "have no authority . . . to consider interlocutory orders and decrees" and must dismiss an appeal where it lacks jurisdiction. *In re Gugliuzza*, 852 F.3d at 891 (citing *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 252 (1992)); *In re Vylene Enters., Inc.*, 968 F.2d 887, 889 (9th Cir. 1992). This Court should decline

jurisdiction and await the resolution of the underlying pleading issues.

*In re Lakeshore Vill. Resort,* 81 F.3d at 106.

### E. There is no basis for treating the appeal as a writ proceeding and exercising the court's extraordinary mandamus powers to assert jurisdiction.

Finally, Phillips resorts to calling upon the court's mandamus powers under the All Writs Act, 28 U.S.C. § 1651 to create jurisdiction. Phillips requests this Court treat the appeal as if it were a writ of mandamus. AOB 14. According to Phillips, this case satisfies the five factors described in *Bauman v. United States District Court,* 557 F.2d 650 (9th Cir. 1977), which are guidelines for whether to exercise the court's extraordinary mandamus powers. This Court should decline to exercise jurisdiction over this appeal under its mandamus powers.

"The writ of mandamus is an 'extraordinary' remedy limited to 'extraordinary' causes." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court (Cebull),* 408 F.3d 1142, 1146 (9th Cir. 2005) (quoting *Cheney v. U.S. Dist. Court,* 542 U.S. 367, 380 (2004)). An appeal will be treated as a writ of mandamus only in exceptional circumstances, and whether a court will "construe the appeal as a writ of mandamus depends on whether mandamus is itself justified." *Hernandez v. Tanninen,* 604 F.3d

1095, 1099 (9th Cir. 2010). Where no extraordinary circumstances justify issuance of a writ, the appeal must be dismissed for lack of jurisdiction. *Rodriguez v. Lockheed Martin Corp.,* 627 F.3d 1259, 1267 (9th Cir. 2010).

*Bauman's* guidelines for issuing a writ of mandamus are: (1) the petitioner has no other adequate means, such as direct appeal, to attain the desired relief; (2) the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the subject order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) the order raises new and important problems or issues of law of first impression. *Bauman,* 557 F.2d at 654–55.

Phillips' arguments that this Court should exercise its extraordinary mandamus powers are unpersuasive. Phillips argues that the "inferior court orders are clearly erroneous as a matter of law." AOB 14–15. With respect to the "clearly erroneous" factor, Phillips cannot show that the district court's order affirming that quasi-judicial immunity does not apply to acts of gross negligence and remanding the case to the bankruptcy court to determine if amendment of the

28

complaint would be futile is "clearly erroneous." There is ample Ninth Circuit and out-of-circuit authority that demonstrates the legal correctness of the district court's application of quasi-judicial immunity unless gross negligence is alleged. (*See* Section I.A., C.–D., *infra*.) Indeed, the fact that the district court's order requires additional action by the bankruptcy court defeats the clearly erroneous factor because Phillips still has the opportunity to amend the complaint to satisfy the gross negligence requirement to avoid application of quasi-judicial immunity. The absence of clear error as a matter of law "will always defeat a petition for mandamus." *Calderon v. U.S. Dist. Court for Cent. Dist. of California,* 163 F.3d 530, 534 (9th Cir. 1998) (en banc), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

Phillips also fails to demonstrate the irreparable injury factor is satisfied here. Phillips makes nothing more than the bare assertion that her constitutional right of due process and petition rights are allegedly being violated, and she suffered "irreparable injury." AOB 15. Again, Phillips is unpersuasive on the irreparable harm factor. If such an "injury" were considered "irreparable," then every lawsuit involving

dismissal of a claim would qualify. The irreparable injury must consist of harm that could not be reversed if the matter were handled in due course as an ordinary appeal.

Phillips' last ditch effort to show the *Bauman* factors are satisfied is to claim "[t]he lower court orders raise an issue of first impression[,]" which is "oft-repeated." AOB 16. The purported "issue of first impression" is that the court is improperly creating a federal common law of fiduciary duties and improperly "legislating" benefits for trustees who regularly appear before them. *Id*. Phillips offers no case law or evidence that the issue is one of first impression or that it is oft-repeated. An argument made without citation to authority or support in the record should be disregarded. *Paxtor v. Garland*, 843 F. App'x 974, 975 (9th Cir. 2021) (appellant waived argument by failing to support it with citation to any record evidence); *United States v. Cazares*, 788 F.3d 956, 983 (9th Cir. 2015); *Milne v. Hillblom*, 165 F.3d 733, 736 n.6 (9th Cir. 1999) (argument is waived when an appellant "fails to present any argument or pertinent authority to support" it).

## ISSUES PRESENTED

1.    Does this Court lack jurisdiction over this interlocutory appeal where the district court remanded the matter to the bankruptcy court for further findings on the issue of futility of amendment of the complaint?

2.    Did the district court correctly conclude quasi-judicial immunity applies to Goldman's discretionary judgment not to administer Estate assets alleged in Phillips' complaint?

3.    Did the court-authorized abandonment of the real properties make a breach of fiduciary duty impossible as to the real properties, and therefore obviate the need to determine whether amendment of the complaint would be futile as to the first cause of action?

4.    Should a new judge be assigned on remand in the absence of a showing of unusual circumstances?

## STATEMENT OF THE CASE

### A.    Goldman is the appointed Chapter 7 Trustee.

Goldman is the court-appointed Chapter 7 Trustee for the bankruptcy estate ("Estate") of the debtor Kevan Harry Gilman

("Debtor"), who is deceased. (2-ER-128, 135.) Phillips is alleged to hold judgments against the Debtor. (*Id.*)

On June 21, 2011, Goldman exercised her judgment in determining that after mortgage and judgment liens against the real properties, the cost of selling the property, and the administrative costs, there would be no monies available for a reasonable distribution to unsecured creditors and consequently docketed her initial Report of No Distribution (RND) and provided notice to parties in interest, including Phillips' counsel via the court's notice of electronic filing system, that she did not intend to administer any Estate assets, including the real properties. (2-ER-131, 145; SER-3–9.)[3] The initial RND advised Goldman had "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law." (2-ER-145; SER-14.)[4] However, as a result of litigation between Phillips and the Debtor involving the

---

[3]     On January 25, 2021, Goldman withdrew the initial RND. (SER-94.)

[4]     The complaint does not allege that there is or was any realizable net equity for the benefit of the Estate in the real properties.

Debtor's claimed exemptions in his residence, the Varna Property (including appeals), the bankruptcy case did not close. (1-ER-8–9.)

On May 13, 2021, Goldman filed a notice of intent to abandon the Varna Property and the Corbin Property—the office space (together, the "real properties"), stating she had investigated the current market value of the properties and the encumbrances against both, and determined the properties were of inconsequential value and burdensome to the Estate. (SER-7.)

On July 27, 2021, after a hearing and over Phillips' objection, the bankruptcy court entered an order authorizing Goldman to abandon the real properties, finding the real properties were burdensome to the Estate and of inconsequential value and benefit. (1-ER-9; SER-4, 8.) Phillips did not appeal this order.

## B.     Phillips sues Goldman for breach of fiduciary duty.

Phillips waited until February 17, 2022, to file a complaint in the United States Bankruptcy Court for the Central District of California against Goldman, individually and in her capacity as Chapter 7 Trustee, for breach of fiduciary duty. (2-ER-127.) The complaint alleges that while acting as the appointed Chapter 7 Trustee of the Estate,

33

Goldman breached her fiduciary duties in her handling of certain of the Estate's assets. Phillips alleges she was a creditor holding judgments against the Debtor secured against the real properties. (2-ER-128–29, 136.) Phillips alleges Goldman was made aware of wrongdoing by the Debtor, but failed to preserve the Estate's assets. (2-ER-137.)

Although the causes of action are labelled as "Breach of Fiduciary Duty Gross Negligence," the complaint does not allege specific facts constituting gross negligence but rather conclusory allegations of gross negligence. The complaint alleges a cause of action for breach of fiduciary duty in failing through "gross negligence" to safeguard the value of the real properties due to lack of maintenance and failing to channel rental incomes into property maintenance. (2-ER-136–37.) The complaint further alleges a breach of fiduciary duty cause of action for failing through gross negligence to collect rent from the real properties, particularly from the Debtor. (2-ER-137–38.)[5] Finally, the complaint alleges a cause of action against the Trustee's surety bond. (2-ER-138.)

---

[5]    On May 10, 2022, the Trustee filed a pleading stating she had made demand on the Debtor's former spouse, Ms. Gilman, to turn over: (1) Estate assets including rents generated by the Debtor's properties, (2) certain tax refunds that were received by the Debtor and Ms. Gilman after the filing of this bankruptcy case in 2011, and (3) funds

## C.     Goldman moves to dismiss the complaint.

Goldman filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).[6] (2-ER-111.) Goldman argued, among other things, that quasi-judicial immunity immunizes her from Phillips' claims, the business judgment rule bars the claims, and Phillips' claims are time-barred. (2-ER-121–24.)

Phillips opposed Goldman's motion to dismiss. (2-ER-75.) Phillips contended, among other things, that Goldman was not entitled to quasi-judicial immunity. (2-ER-93–95.) Phillips claimed Goldman could be sued for breach of fiduciary duty because to obtain the protection of quasi-judicial immunity, Goldman would have to, and could not, demonstrate she was acting under the supervision of, and subject to, orders directed or approved by the bankruptcy judge. (2-ER-

---

that were held in a client trust account, in the amount of $53,794.46. In response, Ms. Gilman made a payment to the Trustee in the amount of $53,794.46 (*See* SER-104 (Doc. 881).)

[6]     On appeal, Phillips argues quasi-judicial immunity is an affirmative defense that may be raised as a basis for a Rule 12(b)(6) dismissal only where the defense is ascertainable from the complaint. AOB 41–42. It is well-established that a motion to dismiss may be based on quasi-judicial immunity, and in this case, the complaint sufficed to establish the defense. *Imbler v. Pachtman,* 424 U.S. 409, 416 (1976); *Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1387 n.6 (9th Cir. 1987).

94.) Phillips also argued the business judgment rule did not apply and the claims were not time-barred pursuant to the continuous accrual doctrine. (2-ER-95–99.)

In reply, Goldman reiterated that she was entitled to quasi-judicial immunity and the complaint should be dismissed because a Trustee is immune from liability for any alleged negligent conduct and Phillips failed to plead any specific facts that would substantiate a claim for gross negligence. (2-ER-70–74.) In addition, Goldman contended the business judgment rule applied and Phillips' claims were time-barred. (2-ER-65–68.)

## D.  The bankruptcy court grants Goldman's motion to dismiss.

The bankruptcy court issued a tentative ruling before the hearing on Goldman's motion to dismiss, concluding that Phillips' claim for breach of fiduciary duty "is time-barred" pursuant to California Code of Civil Procedure section 343. (1-ER-44.) The court also determined that "the chapter 7 trustee has quasi-judicial immunity for any negligence with respect to her identified discretionary acts (and decisions to refrain from taking action), and the plaintiffs have not

36

adequately plead [sic] in their complaint that the chapter 7 trustee committed acts of gross negligence." (*Id.*)

At the hearing on Goldman's motion to dismiss, Phillips' counsel argued the complaint was not time-barred because there was no order discharging Goldman from her duties, and because Goldman's acts were "continuing in nature." (1-ER-37.) With respect to quasi-judicial immunity, Phillips' counsel contended Goldman's acts were not "judicial-type decisions" and thus, immunity did not apply. (1-ER-35.)

After hearing argument, the bankruptcy court noted the breach of fiduciary duty claims were "[l]abeled in the complaint as gross negligence, but the Court doesn't see that as gross negligence[.]" (1-ER-41.) The court also concluded that the statute of limitations under California Code of Civil Procedure section 343 applies to both breach of fiduciary duty claims and Phillips was on notice of both claims well before she ultimately filed suit. (1-ER-41.)

The bankruptcy court entered its "Order Granting Defendant's Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)" ("dismissal order") on June 9, 2022, based on the motion, opposition, and reply, the record in the adversary proceeding,

the arguments of counsel at the hearing on the motion, and "based on this Court's findings of fact and conclusions of law set forth in the record of this Adversary Proceeding, *including that Plaintiffs' causes of action for breach of fiduciary duty are time-barred pursuant to Cal. Code of Civil Procedure § 343*[.]" (1-ER-24–25 (emphasis in original).) The court granted Goldman's motion to dismiss and ordered that the "Adversary Proceeding is dismissed with prejudice." (1-ER-25.)

**E.    Phillips appeals from the bankruptcy court's order and the district court reverses in part and remands for further proceedings.**

Phillips appealed the dismissal order to the United States District Court for the Central District of California. In an order filed on January 25, 2024, the district court affirmed the dismissal order in part, reversed in part, and remanded. (1-ER-7–23.) The district court concluded that although Phillips' claim for relief for breach of fiduciary duty is not time-barred, Goldman is entitled to quasi-judicial immunity. (1-ER-23.) The district court reasoned that Phillips' allegations in the complaint identified discretionary acts by Goldman and decisions to refrain from taking actions that qualify for quasi-judicial immunity. (1-ER-22.) The district court further agreed with the bankruptcy court

38

that the allegations of the complaint did not adequately plead "'a want of even scant care or an extreme departure from the ordinary standard of conduct'" to establish a claim of gross negligence that would not be covered by quasi-judicial immunity. (*Id.*) The district court remanded to the bankruptcy court "to determine whether amending the Complaint would be futile." (1-ER-23.)

Phillips thereafter filed a motion for rehearing. (2-ER-47–61.) The district court denied Phillips' motion for rehearing. (1-ER-2–6.) The court also denied Phillips' motion to transfer, concluding there were "no unusual circumstances whatsoever in the record" to warrant reassignment. (1-ER-6.)

## F.    Phillips appeals to this Court.

Phillips appealed the district court's order, and its subsequent "Order Denying Appellants' Motion for Rehearing" entered on March 6, 2024 to this Court. (3-ER-147–48.)

## G.    This Court issues an order to show cause regarding jurisdiction to hear the appeal.

On May 1, 2024, this Court filed the following order to show cause:

Even under the pragmatic approach to finality in bankruptcy cases, rulings that do not end a discrete dispute are not final for purposes of 28 U.S.C. § 158(d). *See In re*

39

*Gugliuzza*, 852 F.3d 884, 899-900 (9th Cir. 2017). This court
may therefore lack jurisdiction over this appeal.

> Within 21 days, appellants must either file a statement
> explaining why the appeal should not be dismissed for lack
> of jurisdiction or move for voluntary dismissal of the appeal.
> . . . If appellants file a statement, a response may be filed
> within 10 days.

(Ninth Cir. Doc. No. 6 (May 1, 2024).)

Phillips and Goldman filed responses. (Ninth Cir. Doc. Nos. 11–12,

15.)

On August 28, 2024, this Court filed an order discharging the May

1, 2024 order. (Ninth Cir. Doc. No. 17.) This Court further ordered that

"[i]n addition to all other issues the parties wish to raise in their briefs,

the parties are directed to address the basis for this court's jurisdiction

over this appeal." (*Id.*)

## SUMMARY OF ARGUMENT

This Court lacks jurisdiction over this appeal. The district court

affirmed the bankruptcy court's order dismissing the complaint

pursuant to Federal Rules of Civil Procedure 12(b)(6), but on different

grounds than those relied on by the bankruptcy court. Finding that the

complaint's allegations did not constitute gross negligence, the district

court remanded the case to the bankruptcy court to determine whether

amendment of the complaint would be futile. This is not a final order and there is no basis for asserting jurisdiction over this interlocutory appeal.

If this Court finds it has jurisdiction over this appeal, it should affirm the district court's conclusion that the complaint does not allege gross negligence and thus, quasi-judicial immunity requires dismissal of the complaint. Ninth Circuit precedent firmly establishes that bankruptcy trustees are immune from liability for quasi-judicial discretionary acts of simple or ordinary negligence. Only acts constituting gross negligence, e.g., the want of even scant care, can pierce the immunity afforded bankruptcy trustees for discretionary decisions made in administering the bankruptcy estate.

The acts alleged in Phillips' complaint regarding the failure to safeguard the real properties was definitively resolved when the bankruptcy court authorized the Trustee's notice of intention to abandon the real properties, over Phillips' objection, a decision that was not appealed by Phillips. As to the alleged failure to collect rents, the Trustee exercised her business judgment when administering the Estate, and decided that the administrative costs and expenses in

41

chasing rents, if any, would not result in a meaningful distribution to unsecured creditors. This decision was supported by the bankruptcy court's approval of the Trustee's decision to abandon the real properties from which rent was allegedly collected. The decision is sound business judgment, and not the extreme conduct required to establish gross negligence.

Phillips' contention that the acts alleged to constitute breaches of fiduciary duty were required to be approved in advance by the bankruptcy court in order to be afforded quasi-judicial immunity is mistaken. Goldman is the appointed Chapter 7 Trustee of the bankruptcy case and, as the Trustee, is authorized to engage in discretionary decisions to administer the Estate. The Trustee's discretionary acts (and decisions to refrain from taking action) are afforded the protection of quasi-judicial immunity.

Alternatively, the business judgment rule provides an additional basis for upholding application of quasi-judicial immunity to Goldman's alleged conduct. *If* Goldman's conduct constituted a mistake in business judgment (it was not), her exercise of her discretionary business

judgment to abandon the real property and forego administration of any of the Debtor's assets, is immunized under the business judgment rule.

The bankruptcy court's decision to dismiss without leave to amend was correct. Abandonment of the real properties makes a breach of fiduciary duty impossible as to the real properties, and quasi-judicial immunity applies to Goldman's alleged conduct, and the district court's remand to determine whether amendment would be futile should be reversed. If the district court's remand is affirmed, there is no basis for reassigning this case to a different judge. No unusual circumstances have been shown justifying reassignment.

## STANDARD OF REVIEW

This Court reviews a district court's decision on appeal from a bankruptcy court order de novo. *In re JTS Corp.,* 617 F.3d 1102, 1109 (9th Cir. 2010). De novo review also applies to a district court's decision to grant immunity. *New Alaska Dev. Corp. v. Guetschow,* 869 F.2d 1298, 1300 (9th Cir. 1989). Review of a motion to dismiss is limited to the contents of the complaint. *Love v. United States,* 871 F.2d 1488, 1491 (9th Cir. 1989).

## ARGUMENT

### I. Quasi-Judicial Immunity Applies to the Trustee's Conduct Alleged in the Complaint.

#### A. Quasi-judicial immunity applies to discretionary acts in administering the Estate.

A bankruptcy trustee is protected by quasi-judicial immunity for acts taken in the exercise of his or her discretion, unless the conduct alleged rises to the level of gross negligence. In the Ninth Circuit, trustees are protected from personal liability for acts of simple negligence when performing their duties within the scope of their authority and pursuant to court order. *In re Cont'l Coin Corp.*, 380 B.R. at 11–12, *aff'd Zamora v. Virtue (In re Cont'l Coin Corp.)*, No. CV 08-0093 (PA), 2009 U.S. Dist. LEXIS 74392, at *9 (C.D. Cal. Aug. 21, 2009) ("[T]he Court must determine through a historical inquiry whether a trustee has standing to assert a quasi-judicial immunity defense. The Ninth Circuit has answered this question in the affirmative. . . .") (citing *In re Castillo,* 297 F.3d at 950). Quasi-judicial immunity provides "[t]he Trustee is immune for actions that are functionally comparable to those of judges, i.e., those functions that involve discretionary judgment." *In re Castillo*, 297 F.3d at 947 (citing *Antoine v. Byers &*

44

*Anderson, Inc.*, 508 U.S. 429, 436 (1993)). "Granting immunity to bankruptcy trustee's [sic] for functions which are judicial in nature is based on a policy of protecting the bankruptcy process." *In re Cedar Funding, Inc.,* 419 B.R. 807, 823 (9th Cir. B.A.P. 2009).

Whether a bankruptcy trustee's actions constitute those involving discretionary judgment giving rise to quasi-judicial immunity has been broadly construed. Quasi-judicial immunity applies to functions that involve discretionary judgment, which are viewed as functionally comparable to those of judges. *Balser v. Dep't of Justice,* 327 F.3d 903, 909 (9th Cir. 2003). Courts have specifically held a trustee's decision to abandon assets of the estate constitutes such a discretionary judgment. *See In re Cont'l Coin Corp.,* 2009 U.S. Dist. LEXIS 74392, at *10 (quasi-judicial immunity extends to trustee's selling of estate assets); *In re Sea Haw. Rafting, LLC,* No. 14-01520, 2018 Bankr. LEXIS 1507, at *12 (Bankr. D. Haw. May 21, 2018) ("Quasi-judicial immunity protects a trustee who leases and sells estate property with court approval."); *Keenan v. Pyle (In re Keenan),* No. 07cv451-L(RBB), 2008 U.S. Dist. LEXIS 25064, at *13 (S.D. Cal. Mar. 28, 2008) ("agree[ing] with the Bankruptcy Court that the quasi-judicial and derived judicial

45

immunities bar all of Appellants' claims" including the claim that the trustee wrongfully abandoned certain real property assets of the estate); *In re Castillo,* 297 F.3d at 953 (extending quasi-judicial immunity from liability to a trustee who mis-calendared and failed to give notice of an adjudicatory hearing).

Goldman's decision to not administer Estate assets and not incur administrative fees and costs are undoubtedly actions taken within the scope of the Trustee's appointment as Trustee under the Bankruptcy Code. Goldman analyzed the Debtor's Estate and on June 21, 2011, caused to be docketed her initial RND and provided notice to parties in interest, including Phillips' counsel, via the court's notice of electronic filing system that she did not intend to administer any Estate assets, including the real properties. (2-ER-145.) Goldman's initial RND advised she had "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law." (*Id.*) In other words, she had determined that there was no net equity available in any of Debtor's property for the benefit of the Estate. And, she had determined that the

46

Estate would not obtain a net benefit from her management or administration of the real properties, including incurring additional administrative fees and costs. Goldman's alleged conduct in failing to collect the subject rents from and maintain Estate property and ultimately abandoning those real properties are acts consisting of the Trustee's discretionary management of the Estate.

The bankruptcy court agreed with the decision not to administer the real properties when the bankruptcy court, after a hearing and over Phillips' objection, authorized abandonment of the real properties, and Phillips did not appeal that decision.[7] (SER-3–9.) Phillips' contention that the breach of fiduciary duty allegations concern only "administrative" duties relating to preservation of the Estate, and thus are not protected by quasi-judicial immunity, is incorrect. AOB 45–47. Goldman's alleged acts in making the no-asset determination and abandoning the real properties, and alleged failure to collect the rents,

---

[7]    The abandonment of the real properties is effective *nunc pro tunc* as of the date the Debor commenced his bankruptcy case. *Catalano v. C.I.R.,* 279 F.3d 682, 685 (9th Cir. 2002). Accordingly, it is impossible for there to be any breach of fiduciary duty as to waste regarding the real properties because they were abandoned by Goldman and the Debtor's interest in the real properties was restored as of the petition date. (*See* Section III, *infra.*)

necessarily encompassed Goldman's judgment not to utilize Estate resources to try to collect minimal assets that would not benefit the Estate and unsecured creditors. That determination was adjudicatory in nature and within the scope of Goldman's authority and discretionary judgment. The abandonment of the real properties was approved by the bankruptcy court (SER-3–4), and Goldman is entitled to the defense of quasi-judicial immunity under well-established Ninth Circuit law.

## B. A "Comfort Order" is not required in order for quasi-judicial immunity to apply.

Phillips argues quasi-judicial immunity does not apply because Goldman was required to show she satisfied a "comfort order rule." AOB 22, 47. According to Phillips, that rule requires the conduct to be within the scope of the trustee's authority and "the trustee to have obtained bankruptcy court approval for the conduct after giving notice and candid disclosure." *Id.* at 22. Phillips cites *In re Yellowstone Mountain Club, LLC,* 841 F.3d 1090, 107 (9th Cir. 2016), in support of this contention. *Id.* The *Yellowstone* decision does not mention a "comfort order rule." Nor does it say quasi-judicial immunity is unavailable to a Chapter 7 trustee without a "comfort order." The *Yellowstone* decision addressed the plaintiff's failure to obtain

48

permission from the bankruptcy court to bring claims against a member of the Unsecured Creditors Committee in district court, under the *Barton* doctrine (*Barton v. Barbour,* 104 U.S. 126 (1881)). The *Yellowstone* decision does not address Phillips' claim that the quasi-judicial immunity defense is unavailable in this appeal at all. Cases are not authority for propositions they do not discuss. *Evanston Ins. Co. v. Atain Specialty Ins. Co.*, 254 F. Supp. 3d 1150, 1165 (N.D. Cal. 2017) (citing *Canales v. City of Alviso*, 3 Cal. 3d 118, 128 n.2 (1970) ("'It is axiomatic that cases are not authority for propositions not considered.'")).

### C. The allegations of the complaint do not constitute gross negligence.

"[T]o state a claim for gross negligence, the plaintiff must allege 'extreme conduct' by the defendant. The alleged conduct must rise to the level of either a want of even scant care or an extreme departure from the ordinary standard of conduct." *Champion v. Feld Entm't, Inc.*, No. 20-cv-2400-DMS-KSC, 2021 U.S. Dist. LEXIS 86897, at *4 (S.D. Cal. May 6, 2021) (citations and quotation marks omitted) (dismissing claims for gross negligence where allegations were merely conclusory); *see also Hernandez v. Brewer*, 658 F. App'x 837, 839 (9th Cir. 2016)

49

(conclusory statements insufficient to plead gross negligence), *cert.*

*denied,* 580 U.S. 1198 (2017). Under California law, gross negligence

consists of "an extreme departure from the ordinary standard of

conduct" or a "want of even scant care." *City of Santa Barbara v. Super.*

*Ct.,* 41 Cal. 4th 747, 754 (2007). "[F]or purposes of trustee liability,"

courts have held "that the measure of 'gross negligence' will be if the

trustee acted with reckless indifference or deliberate disregard of her

fiduciary duty." *In re Cont'l Coin Corp.*, 380 B.R. at 14.

Phillips' allegations of "gross negligence" are conclusory and fail to

allege specific facts that evidence "a want of even scant care" or "an

extreme departure from the ordinary standard of conduct" or "reckless

indifference or deliberate disregard of" the Trustee's fiduciary duties.

Phillips alleges Goldman was informed that Phillips had learned the

Debtor was not maintaining the property and was renting the property,

but failed to seek a turnover order. (2-ER-132, 137.) According to

Phillips, Goldman did not include an accounting for rents or certain

post-petition refunds in her August 5, 2021 RND.[8] (2-ER-135.) In

---

[8]      Notably, Phillips' objections to the notice of intent to abandon the
real properties accusing Goldman of not having undertaken a
"meaningful analysis" were rejected by the bankruptcy court and

conclusory allegations, Phillips alleges Goldman breached her fiduciary duties through gross negligence by failing to "safeguard the real properties." (2-ER-136–37.) Phillips alleges despite being notified of wrongdoing, Goldman "did nothing" and allowed the Debtor to steal and dissipate property of the bankruptcy. (2-ER-137.)

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). None of Phillips' allegations amount to anything more than conclusions that are not entitled to the assumption of truth, and at most, amount to allegations of simple negligence. Accordingly, the complaint does not state a plausible claim for breach of fiduciary duty through gross negligence.

Moreover, the acts alleged in the complaint regarding failure to safeguard the real properties was definitively resolved when the bankruptcy court authorized the Trustee's notice of intention to abandon the real properties, over Phillips' objection, a decision that was not appealed by Phillips. (SER-3–9.) As to the alleged failure to collect

---

Goldman's determination that the properties were burdensome and of inconsequential value and benefit was affirmed by the court. (SER-7–8.)

rents, the Trustee exercised her business judgment when administering the Estate, and decided that the administrative costs and expenses in chasing rents, if any, would not result in a meaningful distribution to unsecured creditors. Additionally, a trustee may only seek to operate a debtor's business for a limited period of time, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate. 11 U.S.C. § 721. The decision is sound business judgment, and not the extreme conduct required to establish gross negligence.

Phillips fails to state facts constituting extreme conduct, that rises to the level of either a want of even scant care or an extreme departure from the ordinary standard of conduct, as required by Ninth Circuit precedent. *See Champion,* 2021 U.S. Dist. LEXIS 86897, at *3–5. Nor do the allegations reflect Goldman acted with reckless indifference or deliberate disregard of her fiduciary duty. *In re Cont'l Coin Corp.,* 380 B.R. at 14. Phillips' apparent argument that Goldman should have acted in a mind-boggling, economically irrational manner—as the Bankruptcy Appellate Panel for the Ninth Circuit has described Phillips' pursuit of claims "based predominantly on Creditors' appetite for litigation and incurring fees"—must be rejected. *In re Gilman,*

52

BAP No. CC-18-1101-STaL, 2019 Bankr. LEXIS 2097, at *41 (9th Cir. B.A.P. July 12, 2019).

Here, with full knowledge of the duties of a trustee and the actual facts of this bankruptcy case, its history, and the Estate's assets, the bankruptcy court determined that what Goldman is being accused of is nothing more than, at most, simple negligence, which does not, and cannot, rise to the level of gross negligence. Deference should be afforded to the bankruptcy court given its eleven-plus year history and involvement of adjudicating the bankruptcy case. *Estate of Diaz v. City of Anaheim,* 840 F.3d 592, 601 (9th Cir. 2016) (bankruptcy court in far better position to assess the parties' arguments after presiding over a case for better part of a decade).

Phillips claims the complaint's allegations track the facts in the out-of-circuit case of *Liberty Mutual Ins. Co. v. Lamesa National Bank (In re Schooler),* 725 F.3d 498 (5th Cir. 2013). AOB 40. Phillips argues that what *In re Schooler* found to constitute gross negligence involved "the same fact pattern" as present here. But Phillips offers no

description of those facts, their similarities or their significance.[9]

Citation of authority without any discussion of its application to this appeal should not be considered. *See Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 857 n.9 (9th Cir. 2012); *Markowitz v. United Fin. Cas. Co.*, 646 F. Supp. 3d 1258 (S.D. Cal. 2022) (citing *Christian Legal Soc. Chapter of the Univ. of Cal. v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010) ("A bare assertion in a brief with no supporting argument, or an argument made only in passing, is insufficient to avoid waiver.")).

Moreover, even if considered, *In re Schooler* does not support Phillips' contention that the complaint's allegation sufficiently allege gross negligence in this case. In *Schooler,* without ever mentioning the concept of immunity, the Fifth Circuit revisited the standard of care required of a bankruptcy trustee and reiterated that bankruptcy trustees should be held to a gross negligence standard and mere negligence is not enough. 725 F.3d at 511–12. After a trial, the court in *Schooler* found gross negligence was established based on evidence that

---

[9]     Phillips offers only a cryptic "See supra," apparently referencing discussion of *Schooler* and certain paragraphs of the complaint somewhere in the fifty-one-page opening brief. AOB 40. The table of contents is no help either, identifying *Schooler* as being cited "*passim,*" leaving the reader to scour the brief for the cited discussion.

the trustee herself knew about the debtor-wife's inheritance and expressed concern about her conduct with respect to the inherited assets. Furthermore, there was evidence the trustee was actively involved in extensive communications with the debtors and their attorneys, discussing the rights and obligations of the debtors about turning over the inheritance. *Id.* at 513. Despite the trustee's knowledge of the facts and active engagement on the issues, the trustee was found to have taken no action even when the debtor-wife refused to acknowledge and fulfill her obligation to turn over assets after the trustee demanded she do so, and "inordinately delayed" pursuing those assets for the estate. *Id.* In addition, the trustee filed in the debtors' bankruptcy proceeding reports inaccurately reflecting that she had assumed at least constructive possession of assets from the probate estate when she did not. *Id.* The court concluded the trustee's conduct amounted to gross negligence because she had "ample evidence" she needed to act more aggressively. *Id.*

The allegations here are of a significantly different nature. The complaint does not reflect "false" statements were made to the

bankruptcy court, as was the case in *Schooler*.[10] In *Schooler,* the trustee knew the debtor-wife's inheritance was likely the only asset the creditors potentially could recover in what had previously been a no-asset case. 725 F.3d at 501, 513. Here, in contrast, Phillips has not alleged there was ever equity in the real properties from which the Estate could benefit and the real properties were abandoned by the court. Furthermore, Goldman established in the bankruptcy court that the rent collected by the Debtor's then-wife had been turned over to the Trustee. (*See* SER-104 (Bank. Doc. 881); *see also* n.5, *supra*.) And, the Trustee's alleged failure to collect rents from the Debtor, if any, has been and is a discretionary act protected by quasi-judicial immunity and any such collection would not benefit the Estate and unsecured creditors. The allegations of the complaint fail to establish any gross negligence in Goldman's business decision not to pursue rents.

---

[10]    Phillips' contention that Goldman's motion to dismiss asserted that her 2011 RND "gave notice she would not fulfill her duty to protect estate property" and "amounted to an admission Goldman had misled the beneficiaries about the material facts," is misguided and baseless. AOB 41. The RND merely gave notice that no monies would be available for a reasonable distribution to unsecured creditors. (2-ER-145; SER-14.)

**D.    A trustee cannot be held liable for acts of simple negligence; gross negligence is required.**

After musings about a "bankruptcy ring" (the relevance of which is not explained) and failed legislative attempts at defining gross negligence, Phillips appears to argue that a trustee may be held liable for simple negligence (although Phillips argues she did not plead simple negligence). *See* AOB 30–32, 36–37. Assuming (but not conceding) that the alleged acts did amount to simple negligence, Goldman is firmly shielded from liability for simple negligence under established Ninth Circuit precedent discussed *supra*.

Phillips relies on *Mosser v. Darrow,* 341 U.S. 267 (1951) and *In re Cochise College Park, Inc.,* 703 F.2d 1339, 1357 (9th Cir. 1983), for the proposition that the Ninth Circuit holds bankruptcy trustees can be held liable for simple negligence. AOB 38. That proposition has been rejected in subsequent cases and is no longer the prevailing view in the Ninth Circuit. In *In re Continental Coin Corp,* 380 B.R. 1, the court specifically noted that while the Court in *Cochise* simply used the term "negligence," the behavior the Court condemned "goes well beyond the simple negligence standard." *Id.* at 12. As the *Continental Coin* court explained, "the effects of *Cochise, Bennett, and Hemmen* were limited by

57

the 2002 opinion in *Castillo,* in which the Ninth Circuit made it abundantly clear that a trustee will be protected from personal liability for acts of simple negligence." *Id.* Given the firmly established Ninth Circuit precedent on the issue, Phillips' suggestion that bankruptcy courts are improperly attempting to create a federal law of fiduciary duty is unavailing. *See* AOB 38–39.

Thus, Phillips' breach of fiduciary duty claim based on simple negligence would fail as a matter of law because it is barred under the quasi-judicial immunity doctrine and the business judgment rule.

### E.      Prior bankruptcy court approval of Goldman's conduct is not required for quasi-judicial immunity to apply.

Phillips asserts a new, and indeed novel argument not raised below when she contends "[t]he only way to secure immunity in those cases [claims against a trustee by beneficiaries of the estate for breach of fiduciary duty] is for the trustee to obtain prior court approval of decisions." AOB 44. Phillips has waived this argument by failing to raise it below. *United States v. Quesada*, 972 F.2d 281, 283–84 (9th Cir. 1992); *Critchlow v. Waner*, 617 F. App'x 664, 666 n.2 (9th Cir. 2015).

Even if the argument is considered, none of the cases Phillips cites support this proposition.

The alleged breaches of fiduciary duty in this case are the failure to collect rent and to maintain the condition of real properties. According to Phillips, these are acts of waste and theft that required prior court approval. The absurdity of the argument is revealed by its mere statement. Phillips has not cited a case where "decisions" to breach fiduciary duties require advance court approval. The Court in *In re Yellowstone Mountain Club,* 841 F.3d 1090, did not decide whether certain post-petition claims asserted by a creditor against the chair of the Unsecured Creditors Committee ("UCC") were protected by "derived judicial immunity," instead remanding the question to the bankruptcy court to decide. *Id.* at 1097. Moreover, the claims being made against the chair of the UCC by a third party were not described, but apparently involved claims that the chair used confidential information in the bankruptcy proceedings to the third party's detriment. *Id.* at 1094. *In re Yellowstone Mountain Club* is factually distinguishable and does not support Phillips' contentions.

In the case of *In re Harris,* 590 F.3d 730, 736 (9th Cir. 2009), a debtor (not a beneficiary of the estate) sued the trustee in state court for breach of contract for actions taken in connection with an alleged breach of a settlement agreement. Again, *In re Harris* is inapposite and does not support Phillips' position.

In *Bennett v. Williams,* 892 F.2d 822 (9th Cir. 1989), a debtor sued a bankruptcy trustee for negligence in hiring and supervising a property manager. The Court held the trustee was entitled to derived quasi-judicial immunity for her discretionary acts and stated, "[w]e have consistently held that liability will not be imposed for mistakes in business judgment." *Id.* at 824.

Phillips' reliance on *In re Continental Coin Corp.,* 380 B.R. 1, is also unpersuasive. In that case, the conduct at issue was the trustee's sale of property of the estate, which had been approved by the court. The bankruptcy court concluded no court order was needed for the trustee to invoke judicial immunity concerning the sale negotiations or similar activities. *Id.* at 16.

Phillips cites a Sixth Circuit case, *In re McKenzie*, 716 F.3d 404, 413 (6th Cir. 2013), for the proposition that quasi-judicial immunity

60

does not extend to claims against a trustee by a beneficiary of the estate for breach of fiduciary duty unless a prior court order is obtained. AOB 44. However, that is not the rule in the Ninth Circuit.

None of the cases citing to *McKenzie* are from the Ninth Circuit, yet Phillips ambiguously states this rule "has not been dropped in the Ninth Circuit." AOB 44. Not so. In the Ninth Circuit, "quasi-judicial immunity to bankruptcy trustees [has been afforded] because they were exercising judgments while performing acts closely related to the judicial process." *Burton,* 862 F.3d at 748 (citing *In re Castillo*, 297 F.3d at 946–47); *see also Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986) (holding that "a trustee in bankruptcy . . . is entitled to derived judicial immunity because he is performing an integral part of the judicial process").

The Ninth Circuit does not require prior court approval for quasi-judicial immunity to apply to Phillips' alleged breach of fiduciary duty claims against Goldman. *See, e.g. In re Castillo*, 297 F.3d 940 at 943–944, 953 (trustee was entitled to quasi-judicial immunity for mis-calendaring a plan confirmation hearing without due notice); *Balser,*

61

327 F.3d at 910 (Unites States Trustees afforded quasi-judicial immunity).

In this case, Goldman was acting in her capacity as an appointed Trustee and made discretionary decisions within the scope of her authority. As such, she is afforded quasi-judicial immunity without obtaining a prior court order.

## II. The District Court's Order Can Be Affirmed on the Alternative Ground That the Business Judgment Rule Shields Goldman from Liability for Decisions Made in Her Scope of Authority, and with Court Approval.

Not only is Goldman immunized from liability for negligent acts based on quasi-judicial immunity, but the business judgment rule provides a separate and complete bar to recovery against Goldman for business decisions made in the scope of her authority, and with court approval. The Ninth Circuit has "held that liability will not be imposed for mistakes in [a trustee's] business judgment. Accordingly, we are deferential to the business management decisions of a bankruptcy trustee and have held trustees immune from collateral attack for acts of mismanagement when the trustee was acting within his court authorization." *Bennett*, 892 F.2d at 824 (internal citations omitted)

(citing *Lonneker*, 804 F.2d at 1097); *Southwestern Media Inc. v. Rau,* 708 F.2d 419, 425 (9th Cir. 1983).

In *Bennett,* 892 F.2d 822, the Court concluded quasi-judicial immunity and the business judgment rule applied to allegations against the trustee of breach of fiduciary duty in failing to collect rents and negligently hiring and supervising a property management company. *Id.* at 824. Here, Phillips' allegations that Goldman failed to collect rents and failed to maintain the real properties are similarly subject to immunity under the business judgment rule.

As the court in *Continental Coin Corp.,* 2009 U.S. Dist. LEXIS 74392, explained, the Ninth Circuit has held that allegations that fall under the business judgment rule are not actionable:

> 'In *Bennett*, the Ninth Circuit noted that it has 'consistently held that liability will not be imposed for mistakes in business judgment.' *Bennett,* 892 F.2d at 824 (citing *Southwestern Media Inc. v. Rau,* 708 F.2d 419 (9th Cir. 1983); *Cochise,* 703 F.2d at 1357). It further stated that it 'is deferential to the business decisions of a bankruptcy trustee and [has] held trustees immune from collateral attack for acts of mismanagement when the trustee was acting within his court authorization.' *Id.* (citing *Lonneker Farms, Inc. v. Klobucher,* 804 F.2d 1096, 1097 (9th Cir. 1986); *Southwestern,* 708 F.2d at 425). In *Cochise,* the court stated that 'a trustee is not liable in any manner for mistakes in business judgment where discretion is allowed[.]' *Cochise,* 703 F.2d at 1357.

> Thus, the 'business judgment rule' appears to offer a trustee immunity for her business decisions made in the scope of her authority, and with court approval. It is unclear what, if any, difference exists between the business judgment rule and quasi-judicial immunity. Indeed, in both *Bennett* and *Lonneker*, the court discussed the business judgment rule and then held that the trustee was entitled to quasi-judicial immunity. *Bennett*, 892 F.2d at 825; *Lonneker*, 804 F.2d at 1097; *see also Southwestern*, 708 F.2d at 425 (holding that '[t]he [trustee's] decision concerning the form of sale [of estate assets free and clear of lien] therefore rested within the business judgment of the trustee. Liability will not be imposed for the exercise of such judgment, absent negligence.'

*In re Cont'l Coin Corp.*, 2009 U.S. Dist. LEXIS 74392, at *21–22.

Goldman raised this argument in the district court, but the district court did not address it. (*See* 3-ER-154 (Doc. 28).) Here, the business judgment rule clearly applies. Goldman engaged in the conscious decision not to administer the assets of the Debtor's estate, as evidenced by the 2011 Report of No Distribution. (2-ER-145.) The bankruptcy court relied on that fact in its tentative ruling granting the motion to dismiss. (1-ER-44.) For over a decade, there was no objection to the Trustee's determination and to the presumption that the Estate had been fully administered.[11] Moreover, the real properties

---

[11]    Federal Rules of Bankruptcy Procedure 5009(a) provides, a "final report and final account . . . that the estate has been fully administered"

were in fact ultimately abandoned by order of the court. (SER-3–4.)
When property abandoned under 11 U.S.C. § 554 reverts to the debtor,
"the debtor's rights to the property are treated ***as if no bankruptcy
petition was filed***." 5 Collier on Bankruptcy ¶ 554.02 (16th ed. 2022)
(emphasis added). The ultimate order affirming the abandonment of the
real properties reaffirmed that the real properties were of no value to the
Estate as a whole and Goldman's 2011 decision to forego any further
administration of the Debtor's Estate was an appropriate exercise of her
discretion in managing the properties.

### III. A Breach of Fiduciary Duty Is an Impossibility As to the Real Properties Where the Court Has Approved Abandonment of the Real Properties.

The bankruptcy court entered an order authorizing the Trustee to
abandon the real properties. (SER-3–9.) Upon abandonment, the effect
was that the real properties were deemed abandoned effective as of the
date of the filing of the bankruptcy petition and it is as though the real
properties never become property of the Estate. *In re Haber*, 547 B.R.
252, 258–60 (Bankr. S.D. Ohio 2016) (once property is abandoned, it is
removed from the jurisdiction of the bankruptcy court and revests in

---

that has been unopposed results in the presumption that the estate has
"been fully administered."

the debtor as if it had never been held by the trustee); *In re Flamand*, 78 B.R. 644, 645 (Bankr. D. R.I. 1987) (abandonment relates back to the filing of the petition).) As the Court in *Catalano,* 279 F.3d 682, explained, "'[a]bandonment' is a term of art with special meaning in the bankruptcy context. It is the formal relinquishment of the property at issue from the bankruptcy estate. Upon abandonment, the debtor's interest in the property is restored *nunc pro tunc* as of the filing of the bankruptcy petition." *Id.* at 685.

The abandonment of each of the real properties was fully litigated over Phillips' objection. The bankruptcy court approved the abandonments and no appeal was taken by Phillips. (SER-3–9.) Accordingly, it is impossible for there to be any breach of a fiduciary duty as the real properties were abandoned, the effect of which was that the Debtor's interest in the real properties was restored *nunc pro tunc* to the date the bankruptcy petition was filed. For this reason as well, the bankruptcy court correctly denied leave to amend. *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 892 (9th Cir. 2010) (district court's denial of leave to amend for futility, alone, will be upheld if it is clear the complaint could not be saved by any amendment).

## IV.   Remand to a New Judge Is Not Appropriate.

In rare circumstances, the district court is permitted to reassign cases on remand pursuant to 28 U.S.C. § 2106. The test for determining whether reassignment is warranted is two-fold: first, the court examines whether the lower court has "exhibited personal bias requiring recusal from a case." *United Nat. Ins. Co. v. R&D Latex Corp.,* 242 F.3d 1102, 1118 (9th Cir. 2001). The second is whether "unusual circumstances" call for reassignment. *Id.* (quoting *United States v. Sears, Roebuck & Co.,* 785 F.2d 777, 780 (9th Cir. 1989).

Of the three factors for determining "unusual circumstances," Phillips argues only that reassignment is necessary to "preserve the appearance of justice." AOB 50–51. Phillips argues impartiality of the bankruptcy judge is questionable based vaguely on "this record, past history, and the peculiar fact that Goldman appears regularly before the judges in the Woodland Hills Division of the subject bankruptcy court." *Id.* at 50. As the district court correctly decided, however, no unusual circumstances have been shown to exist, and "[n]ot one of the factors is even suggested, let alone demonstrated." (1-ER-6.) Phillips has shown no abuse of discretion in the district court's decision not to

67

reassign the case to a different bankruptcy judge. *See United States v. Mirando,* No. 23-338, 2024 U.S. App. LEXIS 17085, at *2–3 (9th Cir. July 10, 2024) ("Because the district court did not abuse its discretion, we conclude there are no 'unusual circumstances' warranting reassignment of this matter to a different district judge.").

## CONCLUSION

For the foregoing reasons, Goldman respectfully requests that this Court dismiss Phillips' appeal for lack of jurisdiction, or in the alternative, affirm the district court's order granting Goldman's motion to dismiss and affirming that the complaint fails to state a claim for gross negligence, without remanding to the bankruptcy court for further proceedings, or alternatively affirm and remand for further proceedings as to futility of amendment.

DATED:  February 3, 2025       LEWIS BRISBOIS BISGAARD & SMITH LLP


By:    */s/ Lann G. McIntyre*
_____
Lann G. McIntyre
*Attorneys for Defendant-Appellee*
**AMY L. GOLDMAN**

68

# CERTIFICATE OF COMPLIANCE
## FOR CASE NUMBER 24-2249

Pursuant to Federal Rules of Appellate Procedure Rules 28(a)(10), 32(a)(7)(B) and 32(g) and Ninth Circuit Rule 32-1(a), I certify that the Appellee's Answering Brief is proportionally spaced, has a typeface of 14-point or more and contains 11,291 words.

DATED:  February 3, 2025    LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  _/s/ Lann G. McIntyre_
Lann G. McIntyre
*Attorneys for Defendant-Appellee*
**AMY L. GOLDMAN**

## STATEMENT OF RELATED CASES
## FOR CASE NUMBER 24-2249

Pursuant to Circuit Rule 28-2.6, there are no related cases

pending in this Court.


DATED:  February 3, 2025      LEWIS BRISBOIS BISGAARD &
SMITH LLP


By:  _____/s/ Lann G. McIntyre_____
Lann G. McIntyre
*Attorneys for Defendant-Appellee*
**AMY L. GOLDMAN**

## CERTIFICATE OF SERVICE
## FOR CASE NUMBER 24-2249

I hereby certify that on February 3, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

### ANSWERING BRIEF OF
### APPELLEE AMY L. GOLDMAN AND
### 1-VOLUME SUPPLEMENTAL EXCERPTS OF RECORD

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Janis Kent*

Janis Kent

149328798.1

71