# Case No. 24-2249

# In the United States Court of Appeals for the Ninth Circuit

IN RE: KEVAN HARRY GILMAN,
*Debtor.*

TAMMY R. PHILLIPS AND TAMMY R. PHILLIPS, APLC,
*Plaintiffs and Appellants,*

v.

AMY L. GOLDMAN,
*Defendant and Appellee.*

Appeal from the United States District Court
for the Central District of California, Los Angeles
Case No. 2:22-cv-04450-MWF
The Honorable District Judge Michael W. Fitzgerald

**APPELLEE AMY L. GOLDMAN'S BRIEF PURSUANT TO COURT
ORDER REGARDING WHETHER THIS MATTER SHOULD BE
HEARD EN BANC**

**LEWIS BRISBOIS
BISGAARD & SMITH LLP**
Lann G. McIntyre, SB# 106067
Lann.McIntyre@lewisbrisbois.com
550 West C Street, Suite 1700
San Diego, CA 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

**LEWIS BRISBOIS
BISGAARD & SMITH LLP**
Maria L. Garcia, SB# 276135
Maria.L.Garcia@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

*Attorneys for Defendant and Appellee*
**AMY L. GOLDMAN**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......................................................................3

INTRODUCTION .....................................................................................5

BACKGROUND .......................................................................................6

LEGAL ARGUMENT ...............................................................................8

I.    The Applicable Criteria for Granting En Banc Review...................8

II.   En Banc Review Is Warranted Because the Appeal Involves Questions of Exceptional Importance...............................................9

III.  En Banc Review Will Assure Consistency of Ninth Circuit Law. ...............................................................................................15

CONCLUSION .......................................................................................21

STATEMENT OF RELATED CASES ....................................................22

CERTIFICATE OF COMPLIANCE........................................................23

# TABLE OF AUTHORITIES

## Page(s)

### Cases

*Antoine v. Byers & Anderson, Inc.*,
  508 U.S. 429 (1993) ............................................................... 12, 17–20

*Balser v. Dept. of Justice, Office of the United States Trustee*,
  327 F.3d 903 (9th Cir. 2003) ............................................................... 10

*Bennett v. Williams*,
  892 F.2d 822 (9th Cir. 1989) ................................................... 16–17, 19

*Blixseth v. Brown (In re Yellowstone Mountain Club, LLC)*,
  841 F.3d 1090 (9th Cir. 2016) ....................................................... 20–21

*Burton v. Infinity Capital Mgmt.*,
  862 F.3d 740 (9th Cir. 2017) ......................................................... 20–21

*Connolly v. Harris Trust Co. of Ca. (In Re Miniscribe Corp.)*,
  309 F.3d 1234 (10th Cir. 2002) ........................................................... 13

*Curry v. Castillo (In re Castillo)*,
  297 F.3d 940 (9th Cir. 2002) ............................................. 10–13, 18–21

*Dye v. Brown (In re AFI Holding, Inc.)*,
  355 B.R. 139 (9th Cir. B.A.P. 2006) .................................................... 13

*Harris v. Wittman (In re Harris)*,
  590 F.3d 730 (9th Cir. 2009) ......................................................... 19–20

*In re Cochise College Park*,
  703 F.2d 1339 (9th Cir. 1983) ............................................................. 14

*In re Cont'l Coin Corp.*,
  No. CV 08-0093 (PA), 2009 U.S. Dist. LEXIS 74392 (C.D.
  Cal. Aug. 21, 2009) .............................................................. 9–10, 16–17

*In re Continental Coin Corp.*,
  380 B.R. 1 (Bankr. C.D. Cal. 2007)........................................... 9, 14–16

*J.P. Morgan Inv. Mgmt. v. United States Trustee (In re Martech USA)*,
  188 B.R. 847 (9th Cir. B.A.P. 1995)..................................................... 13

*Kyocera Corp. v. Prudential-Bach Trade Servs., Inc.*,
  341 F.3d 987 (9th Cir. 2003)............................................................... 15

*Lonneker Farms, Inc. v. Klobucher*,
  804 F.2d 1096 (9th Cir. 1986)............................................................. 11

*Oliver v. Mihelic*,
  No. 21cv1807-LL-DEB, 2022 U.S. Dist. LEXIS 22803,
  2022 WL 389272 (S.D. Cal. Feb. 8, 2022)........................................... 10

## Statutes

11 U.S.C. § 704 ...................................................................................... 13

11 U.S.C. § 1302 .................................................................................... 13

11 U.S.C. § 1304 .................................................................................... 13

## Rules and Regulations

Fed. R. App. P. 40(b)............................................................................... 8

Fed. R. App. P. 40(b)(2)(A) ...................................................................... 8

Fed. R. App. P. 40(b)(2)(B) ...................................................................... 8

Fed. R. App. P. 40(b)(2)(C) ...................................................................... 8

Fed. R. App. P. 40(b)(2)(D) ...................................................................... 8

## Other Authorities

7 Trustee, *The Role of the Chapter 7 Trustee*,
  https://www.nabt.com/page/Role_Trustee (last visited
  Sept. 9, 2025) ..................................................................................... 12

## INTRODUCTION

This appeal was argued and submitted on June 11, 2025. Ninth Cir. Dkt. 67. On August 19, 2025, this Court filed an order stating "There has been a sua sponte request for an en banc vote in this case. The parties are directed to file simultaneous briefs [not to exceed 15 pages or 4,200 words] setting forth their respective positions on whether the matter should be heard en banc." Ninth Cir. Dkt. 68. The briefs were ordered to be filed within twenty-one days of the order, which is September 9, 2025. *Id.*

Plaintiffs-Appellants Tammy R. Phillips and Tammy R. Phillips, APLC (collectively, "Phillips") moved for and were granted an extension of time to file their brief until September 30, 2025. Ninth Cir. Dkt. 69–70. Defendant-Appellee Amy Goldman ("Goldman") also filed a motion for extension of time to September 30, 2025 to allow for simultaneous briefing. Ninth Cir. Dkt. 71. That motion has not yet been ruled on. Thus, Goldman submits the following brief pursuant to the Court's order in support of en banc review. Goldman is entitled to quasi-judicial immunity and the question of the proper test for determining

5

whether a Chapter 7 trustee is entitled to quasi-judicial immunity and the scope of that immunity is one of exceptional importance.

Goldman respectfully requests that this Court determine that quasi-judicial immunity is appropriate here.

## BACKGROUND

Phillips filed suit against Goldman, in her individual capacity and in her capacity as Chapter 7 trustee, for alleged breach of fiduciary duty in the course of her work as the court-appointed Chapter 7 trustee for the bankruptcy estate ("Estate") of debtor Kevan Harry Gilman ("Gilman" or "the debtor"). (2-ER-128–29, 136.) Phillips alleges Goldman was made aware of wrongdoing by the debtor, but failed to preserve the Estate's assets. (2-ER-137.)

Goldman moved to dismiss Phillips' complaint in part on the grounds the action was time-barred and because Goldman had quasi-judicial immunity for the alleged conduct. (2-ER-121–24.) The bankruptcy court granted Goldman's motion to dismiss with prejudice, finding the complaint was time-barred. (1-ER-24–25.) The bankruptcy court also found that Phillips did not plead sufficient facts in her complaint to amount to acts of gross negligence, and the claims are

6

barred by quasi-judicial immunity for any negligence with respect to the trustee's identified discretionary acts (and decisions to refrain from taking action). (1-ER-41–42, 44–45.) Phillips appealed that order to the district court.

On appeal, the district court reversed the bankruptcy court's order in part, determining the bankruptcy court incorrectly found the action was time-barred. The district court, however, agreed with the bankruptcy court that Phillips' allegations in the complaint identify Goldman's discretionary acts and decisions to refrain from taking action, and that Phillips had "not adequately pled 'a want of even scant care or an extreme departure from the ordinary standard of conduct'" to establish gross negligence that would not be covered by quasi-judicial immunity. (1-ER-22.) The district court agreed that Goldman was entitled to quasi-judicial immunity and affirmed the bankruptcy court's order on that basis. (*Id*.) The district court remanded to the bankruptcy court "to determine whether amending the Complaint would be futile." (1-ER-23.) Phillips then filed this appeal. (3-ER-147–48.)

## LEGAL ARGUMENT

## I.    The Applicable Criteria for Granting En Banc Review.

A petition for rehearing en banc (party-generated) must begin
with a statement describing at least one of four reasons why en banc
review is warranted. Fed. R. App. P. 40(b). The first three grounds are
premised on a panel decision having been issued that conflicts with:
(A) "a decision of the court to which the petition is addressed";
(B) "a decision of the United States Supreme Court"; and (C) "an
authoritative decision of another United States court of appeals."
Fed. R. App. P. 40(b)(2)(A)–(C).

Here, no panel decision has been filed yet. However, the
remaining basis for seeking en banc review—"the proceeding involves
one or more questions of exceptional importance"—is applicable. Fed. R.
App. P. 40(b)(2)(D). That basis for en banc review is satisfied here as
the issue of quasi-judicial immunity for Chapter 7 trustees is of
exceptional importance to ensure that trustees can serve the vital roles
they play in the bankruptcy system. Furthermore, Ninth Circuit law
regarding quasi-judicial immunity for bankruptcy trustees is

inconsistent and thus en banc review is warranted pursuant to Federal Rule of Appellate Procedure 40(b)(2)(A) and (B).

## II.  En Banc Review Is Warranted Because the Appeal Involves Questions of Exceptional Importance.

The question of the proper test for determining whether a Chapter 7 trustee is entitled to quasi-judicial immunity and the scope of that immunity is one of exceptional importance. As the court in *In re Continental Coin Corp*., 380 B.R. 1 (Bankr. C.D. Cal. 2007) observed, "[t]he bankruptcy system simply could not function unless trustees were willing to handle the difficult cases, whether they are lucrative or not." *Id.* at 7. "But no trustee in his right mind would regularly subject himself to personal liability for negligence or even to having to defend a lawsuit for such alleged behavior." *Id.*

It is clear here that Goldman is entitled to quasi-judicial immunity for the conduct alleged in Phillips' complaint. Trustees are protected from personal liability for acts of simple negligence when performing their duties within the scope of their authority. *In re Cont'l Coin Corp*., 380 B.R. at 11–12, *aff'd Zamora v. Virtue (In re Cont'l Coin Corp.)*, No. CV 08-0093 (PA), 2009 U.S. Dist. LEXIS 74392, at *9 (C.D. Cal. Aug. 21, 2009). "Because trustees 'perform many of the functions

9

that had been assigned previously to the bankruptcy judge,' they are eligible for derived quasi-judicial-immunity." *Oliver v. Mihelic*, No. 21cv1807-LL-DEB, 2022 U.S. Dist. LEXIS 22803, \*13-14, 2022 WL 389272 (S.D. Cal. Feb. 8, 2022) (citing *Balser v. Dept. of Justice, Office of the United States Trustee*, 327 F.3d 903, 910 (9th Cir. 2003) ("In light of the fact that United States trustees assume the judicial functions historically vested in bankruptcy and district courts, the actions of the United States trustees logically must be cloaked in the same immunity.").

Quasi-judicial immunity provides "[t]he Trustee is immune for actions that are functionally comparable to those of judges, i.e., those functions that involve discretionary judgment." *Curry v. Castillo* (*In re Castillo*), 297 F.3d 940, 947 (9th Cir. 2002). Courts have specifically held a trustee's decision to abandon assets of the estate constitutes such a discretionary judgment. *See In re Cont'l Coin Corp.,* 2009 U.S. Dist. LEXIS 74392, at \*12–13 ("There can be no dispute that a trustee's evaluation and acceptance or rejection of parties' offers to purchase estate assets involves discretionary judgment . . . . [Q]uasi-judicial

immunity has been extended to actions akin to evaluating and selling assets, even when such actions were not performed by judges.").

Goldman's *alleged* conduct in failing to collect the subject rents from and maintain certain Estate property and ultimately abandoning those real properties (which was approved of by court order) are acts consisting of the Trustee's discretionary management of the Estate. Goldman's judgment not to utilize Estate resources to try to collect minimal assets that would not benefit the Estate and unsecured creditors was an adjudicatory determination in nature and within the scope of Goldman's authority and discretionary judgment. Quasi-judicial immunity applies to Goldman's discretionary acts in administering the Estate. This Court should determine that quasi-judicial immunity is appropriate here.

"[A] trustee in bankruptcy … is entitled to derived judicial immunity because he is performing an integral part of the judicial process." *In re Castillo*, 297 F.3d at 946 (quoting *Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986)). The "doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary

11

might be impaired by exposure to potential damages liability." *Castillo*,

297 F.3d at 949 (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S.

429, 435 (1993)).

The significance of this Court's decision regarding quasi-judicial

immunity for Chapter 7 trustees cannot be overstated. Chapter 7

trustees are essential to the efficient functioning of the bankruptcy

system. They "play a vitally important role in the bankruptcy system."

NABT, National Association of Bankruptcy Trustees, Role of a Chapter

7 Trustee, *The Role of the Chapter 7 Trustee*,

https://www.nabt.com/page/Role_Trustee (last visited Sept. 9, 2025).

Bankruptcy courts rely on trustees to do the heavy lifting the

courts cannot do. Trustees develop significant expertise in managing

the assets of the estate, which benefits the judicial system and

creditors. Chapter 7 trustees ensure the efficient administration and

liquidation of estates while safeguarding the interests of creditors and

beneficiaries. "Generally, the trustee is to gather and liquidate the

property of the estate, to be accountable for the estate, ensure that the

debtor performs his or her obligations, investigate the finances of the

debtor, review the proofs of claim, and where appropriate, oppose the

12

debtor's discharge, be available to provide relevant information to parties-in-interest, and by court order, operate the business on a short-term basis. The trustee also must prepare the final report and an accounting for the administration of the estate." *In re Castillo*, 297 F.3d at 950–51 (citing 11 U.S.C. § 704, 1302, 1304). Accordingly, a Chapter 7 trustee "perform[s] a variety of functions in his role, including investigating, liquidating, and distributing estate assets." *Connolly v. Harris Trust Co. of Ca. (In Re Miniscribe Corp.)*, 309 F.3d 1234, 1244 (10th Cir. 2002).

"The chapter 7 trustee's role facilitates one of the Bankruptcy Code's fundamental concepts of 'equitable distribution.'" *Dye v. Brown (In re AFI Holding, Inc.)*, 355 B.R. 139, 148 (9th Cir. B.A.P. 2006). A trustee is "charged with many legal, adjudicative, clerical, financial, administrative, and business functions[.]" *In re Castillo*, 297 F.3d at 951. Trustees thus "play an important role in bankruptcy cases, making numerous decisions. . . ." *J.P. Morgan Inv. Management v. United States Trustee (In re Martech USA)*, 188 B.R. 847, 849 (9th Cir. B.A.P. 1995). "The bankruptcy system simply could not function unless trustees were

willing to handle the difficult cases, whether they are lucrative or not."
*In re Cont'l Coin Corp.*, 380 B.R. at 7.

This Court's decision is likely to have significance not only for
bankruptcy trustees and the bankruptcy system in California, but
nationwide. Imposing liability on Chapter 7 trustees for their handling
of the bankruptcy estate can have a significant impact on trustees,
including personal financial consequences, removal from the case,
reputational damage and legal costs. As the court in *Continental Coin*
noted, the decision in *In re Cochise College Park*, 703 F.2d 1339, 1357
(9th Cir. 1983)—which held a trustee can be "subject to personal
liability for not only intentional but also negligent violations of duties
imposed upon him by law"—"created a near panic for trustees" when it
was decided in 1983 and resulted in trustees streaming into court for
comfort orders on almost every action they took. *Cont'l Coin Corp.*,
380 B.R. at 11.

This Court's decision will determine a critically important
question of bankruptcy law, affecting the entire United States
Bankruptcy Trustees Program and the bankruptcy court's ability to
efficiently administer bankruptcy estates. The Ninth Circuit has

previously acted to address issues that have similarly widespread impact. For example, in *Kyocera Corp. v. Prudential-Bach Trade Servs., Inc.,* 341 F.3d 987, 996 (9th Cir. 2003), this Court voted for en banc review when the answer to the question at issue—confirmation and correction of an arbitral award in a contractual dispute—"may well affect large numbers of parties with critical contractual and statutory rights and billions of dollars at stake." That is the case here. Because the decision in this appeal raises questions of exceptional importance about the test for and scope of immunity from liability for Chapter 7 trustees, en banc review is appropriate.

## III. En Banc Review Will Assure Consistency of Ninth Circuit Law.

In addition to the question of exceptional importance that is at issue here regarding quasi-judicial immunity, en banc review is warranted because it is important that a definitive decision be rendered affirming that chapter 7 trustees are entitled to quasi-judicial immunity for acts of negligence in their administration of the estate. The proper standard was articulated in *In re Continental Coin Corp.*, 380 B.R. 1, which addressed the law regarding protections for trustees and whether trustees should be subject to personal liability and if so, to what extent.

15

*Id.* at 4; *In re Cont'l Coin Corp.,* 2009 U.S. Dist. LEXIS 74392. The court determined that "it is necessary to grant chapter 7, 12, and 13 trustees more protection than the non-bankruptcy trustee or corporate director from disgruntled creditors or beneficiaries or interest holders." *In re Continental Coin Corp*., 380 B.R. at 7. While trustees should be protected against liability for negligence, the court found imposing liability for gross negligence and intentional wrongdoing "is good public policy" because "[t]here needs to be a balance between protecting trustees in carrying out their adjudicative functions and protecting debtors and creditors from trustee conduct which goes beyond mistakes in business judgment or mere negligence." *Id.*

This issue has received varying treatment in the Ninth Circuit.

In *Bennett v. Williams,* 892 F.2d 822 (9th Cir. 1989), the Court applied a four-factor test. The Court stated that trustees are entitled to broad immunity when acting within the scope of their authority and pursuant to court order. *Id.* at 823. However, the Court also noted that a trustee may be liable for intentional or negligent violations of duties imposed on the trustee by law. *Id.* According to the Court, "certain standards" had evolved, which a trustee must satisfy before immunity

16

may attach: "The trustee should obtain court approval and give notice to the debtor of a proposed action"; "[t]he trustee's disclosure to the court must be candid"; and "[t]he act must be within the trustee's official duties." *Id.* However, "the court in *Bennett* merely stated in dicta that a trustee may be held liable for negligence, but actually extended quasi-judicial immunity to bar liability for the allegedly negligent hiring and supervision of a management company." *In re Cont'l Coin Corp.,* 2009 U.S. Dist. LEXIS 74392, at *19 (citing *Bennett*, 892 F.2d at 823).

In *Antoine*, 508 U.S. 429, 436, the Supreme Court applied a "functional approach." *Id.* at 435. The Court held that a court reporter was not entitled to immunity for failing to produce a transcript of a criminal trial. *Id.* at 437. The Court stated that in determining which officials perform functions that justify an exemption from liability, courts inquire into the immunity historically accorded the relevant official at common law and the interests behind it. *Id.* at 432. The Court determined there was no common-law tradition of extending immunity to court reporters. *Id.* at 433–34. It referred to its approach as a "functional approach" to immunity. *Id.* at 435. The Court stated that

17

"the 'touchstone' for the doctrine's applicability has been 'performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.' When judicial immunity is extended to officials other than judges, it is because their judgments are 'functionally comparable' to those of judges -- that is, because they, too, 'exercise a discretionary judgment' as a part of their function." *Id.* at 435–36 (citation omitted). The Court ruled that the function performed by court reporters is not in this category. *Id.* at 436.

In *In re Castillo*, 297 F.3d 940, the Court analyzed whether a chapter 13 trustee had immunity in connection with the scheduling and noticing of a confirmation hearing. *Id.* at 943. The Court discussed *Antoine* and examined the history of extending immunity to non-judges who perform "functions closely associated with the judicial process." *Id.* at 948. The Court stated that in *Antoine*, "the Supreme Court worked a sea change in the way in which we are to examine absolute quasi-judicial immunity for nonjudicial officers. The Court announced that absolute quasi-judicial immunity will be extended to nonjudicial officers only if they perform official duties that are functionally comparable to those of judges, . . . Under this approach,

to determine whether a nonjudicial officer is entitled to absolute
quasi-judicial immunity, courts must look to the nature of the function
performed and not to the identity of the actor performing it." *Id.* at 948
(citation omitted).

With respect to bankruptcy trustees, the Court stated that
"Congress created a hybrid official" who "performs some functions
historically viewed as judicial in nature, and others that are not." *Id.* at
951. While the trustee is charged with performing various functions,
"quasi-judicial immunity attaches to only those functions essential to
the authoritative adjudication of private rights to the bankruptcy
estate." *Id.* The Court held that the scheduling and giving of notice of
the hearing was a function for which the trustee was immune. *Id.*

In *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 742 (9th Cir.
2009), citing *Bennett*, 892 F.2d 822, 825, the Court repeated and applied
a four-factor test: "For derived quasi-judicial immunity to apply, the
defendants must satisfy the following four elements: (1) their acts were
within the scope of their authority; (2) the debtor had notice of their
proposed acts; (3) they candidly disclosed their proposed acts to the
bankruptcy court; and (4) the bankruptcy court approved their acts."

19

*Harris* did not mention *Antoine* or *Castillo*, and is inconsistent with *Antoine.*

In *Blixseth v. Brown (In re Yellowstone Mountain Club, LLC)*, 841 F.3d 1090, 1097 (9th Cir. 2016), the Court cited *Castillo,* 297 F.3d 940, 953, for the proposition that an individual's position on a creditors' committee does not entitle him to immunity for all actions as chair. Then, citing *Harris*, 590 F.3d 730, the Court stated that the person must have acted within the scope of his authority, candidly disclosed his proposed acts to the bankruptcy court, the debtor must have had notice of the proposed actions, and the bankruptcy court must have approved the acts — i.e., the four-factor test. *In re Yellowstone Mt. Club,* 841 F.3d at 1097 (citing *In re Harris,* 590 F.3d at 742).

The following year, in *Burton v. Infinity Capital Management*, 862 F.3d 740, 747–48 (9th Cir. 2017), a panel focused again on the functional approach required by *Antoine* and applied in *Castillo.* The *Burton* Court did not mention *Harris* or *Yellowstone.* The *Burton* Court reiterated that the "touchstone" for application of quasi-judicial immunity is "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Id.* at 747.

20

Courts must look to the nature of the function performed, not the identity of the actor performing it. *Id.* "[T]he function performed must be a judicial act with 'a sufficiently close nexus to the adjudicative process.'" *Id.* at 748 (quoting *Castillo*, 297 F.3d at 948).

En banc review of this significant issue would provide clarity and consistency to the circuit's law.

## CONCLUSION

For the foregoing reasons, Appellee Amy L. Goldman, respectfully states that en banc review of the exceptionally important issues regarding Chapter 7 immunity from liability for acts of negligence should be addressed by an en banc panel. Goldman respectfully requests that this Court determine that quasi-judicial immunity is appropriate here.

DATED:  September 9, 2025    LEWIS BRISBOIS BISGAARD &
SMITH LLP

By: _____ */s/ Lann G. McIntyre* _____
Lann G. McIntyre
*Attorneys for Defendant-Appellee*
**AMY L. GOLDMAN**

21

## STATEMENT OF RELATED CASES
## FOR CASE NUMBER 24-2249

Pursuant to Circuit Rule 28-2.6, there are no related cases

pending in this Court.

DATED:  September 9, 2025    LEWIS BRISBOIS BISGAARD &
SMITH LLP

By:  ___*/s/ Lann G. McIntyre*___
Lann G. McIntyre
*Attorneys for Defendant-Appellee*
**AMY L. GOLDMAN**

## CERTIFICATE OF COMPLIANCE
## FOR CASE NUMBER 24-2249

Pursuant to Federal Rules of Appellate Procedure Rules 28,

32(a)(7)(B) and 32(g) and Ninth Circuit Rule 32-1(a), I certify that the

Appellee's Brief Regarding Whether This Matter Should Be Heard

En Banc is proportionally spaced, has a typeface of 14-point or more

and contains 3,197 words.

DATED:  September 9, 2025    LEWIS BRISBOIS BISGAARD &
SMITH LLP


By:      */s/ Lann G. McIntyre*
Lann G. McIntyre
*Attorneys for Defendant-Appellee*
**AMY L. GOLDMAN**

## <u>CERTIFICATE OF SERVICE</u>
## FOR CASE NUMBER 24-2249

I hereby certify that on September 9, 2025, I electronically filed

the foregoing with the Clerk of the Court for the United States Court of

Appeals for the Ninth Circuit by using the appellate CM/ECF system.

**APPELLEE AMY L. GOLDMAN'S BRIEF PURSUANT TO
COURT ORDER REGARDING WHETHER THIS MATTER
SHOULD BE HEARD EN BANC**

Participants in the case who are registered CM/ECF users will be

served by the appellate CM/ECF system.

*/s/ Janis Kent*
Janis Kent

162880579.1

24